## STATE ex rel. HUBBARD et al. v. SPEER, Justice of the Peace.

No. 9421—Opinion Filed June 11, 1918.

Rehearing Denied July 23, 1918.

(173 Pac. 955.)

(Syllabus.)

**Mandamus — Justice's Disapproval of Appeal Bonds—Discretion.**

Disapproval of appeal bonds by a justice of the peace is the exercise of discretion reposed in him by statute; and, where it is not made to appear that his action was arbitrary and constituted an abuse of that discretion, his action cannot be controlled by mandamus.

Original action by the State of Oklahoma, on relation of E. C. Hubbard and others, for a peremptory writ of mandamus against J. L. Speer, Justice of the Peace of District No. 13, in and for Ottawa County, Okla. Writ denied.

Towne, Swarts & Towne, for plaintiffs.

A. C. Wallace, for defendant.

HARDY, J. This is an original action filed in this court by the state of Oklahoma on the relation of E. C. Hubbard and others, praying a peremptory writ of mandamus against defendant J. L. Speer, commanding him as justice of the peace in district No. 13, in and for Ottawa county, to approve certain appeal bonds tendered by relators in certain proceedings theretofore pending in the justice court for said district No. 13, wherein judgment was rendered against relators and in favor of William O. Cardin and Isa Wade Cardin, for possession of certain lots and parcels of ground in the town of Tar River in said Ottawa county. Relators alleged that on August 31, 1917, and within ten days from the date of judgment rendered against them, they presented to said defendant their appeal bond in due form with sufficient securities, and had qualified thereon as required by law, which said defendant refused to approve without assigning any reason therefor. Defendant filed return, wherein he admitted that judgments

had been recovered against plaintiff as alleged, and alleged that said judgments were not joint judgments, but were recovered in separate and independent suits against each of said plaintiffs, and that none of the plaintiffs herein who were defendants in said litigation were in any wise interested in the suit of his coplaintiff, and that there is a misjoinder of parties plaintiff in this case. Defendant also admits that said bonds were tendered to him as alleged for filing and approval, and that he refused to approve same, but alleges that he refused to approve said bonds for the reason that the sureties thereon were insufficient, were not financially responsible, and did not have property within the state of Oklahoma of the value set out in the qualification attached to said bonds; that on his refusal to approve same said bonds were immediately withdrawn, and are not now on file in said court. Passing the contention that there is a misjoinder of parties, and assuming for the purpose of this case only that the action is properly brought, the writ must be denied because when the defendant disapproved said bonds he was exercising a discretion reposed in him by statute; and, it not being made to appear that his action was arbitrary and constituted an abuse of discretion, his action cannot be controlled by mandamus. Dunham v. Ardery, 43 Okla. 619, 143 Pac. 331, L. R. A. 1915B, 233, Ann. Cas. 1916A, 1148.

Section 5466, Rev. Laws 1910, requires the party appealing from a judgment of the justice of the peace to enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum not less than $50 in any case, nor less than double the amount of the judgment, and prescribes the conditions of said bond. This statute vests in the justice of the peace discretion to determine the sufficiency of the surety offered upon an undertaking when tendered. There is presented an affidavit of the county assessor of Ottawa county, setting out the assessed valuation of certain persons who were tendered as sureties upon the respective bonds, from which it appears that a number of said persons have no property on the tax rolls in the district wherein they reside. Defendant having exercised his discretion in good faith and disapproved said bonds because of the insufficiency of the sureties thereon, mandamus will not lie to compel him to act again, in the absence of a showing that his act constituted an arbitrary exercise of authority, and that there has been in fact no actual exercise in good faith of the judgment

or discretion vested in him. Monroe et al. v. Beebe, 10 Okla. 581, 64 Pac. 10.

The writ is denied.

All the Justices concur, except BRETT and TISINGER, JJ., absent.