## J. M. MONROE AND J. W. YOUNG V. EARL BEEBE.

(Filed Feb. 8, 1901.)

APPEAL FROM COUNTY COMMISSIONERS—*Approval of Bond.* Upon a statute providing that, "From all decisions of the board of county commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, upon filing a bond with sufficient penalty, and one or more sureties, to be aproved by the county clerk," it is held that the statute thus vests in the county clerk the authority to approve the appeal bond, and the approval of the bond lies in the discretion of the clerk. This discretion will not be interfered with here, unless it is exercised in an arbitrary manner.

(Syllabus by the Court.)

*Original Proceeding in Mandamus.*

*J. L. Brown,* for petitioner.

*Forrest & Trevathan,* for respondent.

Opinion of the court by

McATEE, J.:  This was an original proceeding in *mandamus*, brought by the plaintiffs, residents and citizens of Canadian county, stating that the defendant was the county clerk of Canadian county, and that on the 20th day of July the county commissioners of Canadian county rejected their remonstrance against the granting of a license to sell intoxicating liquors to Granjean, and ordered that the license be issued.  From the decision of the board of county commissioners the plaintiffs, who were remonstrators, gave notice of appeal, and in order to perfect it, offered to the county clerk an appeal bond in the sum of $100.00 properly justified, but that the county clerk refused to accept the bond, for the sole reason that it was not in the sum of $250.00, which amount the plaintiffs claimed to be unreasonable and exorbitant, and that it would work a hardship upon them, and that the purpose of the county clerk in refusing to accept and approve the bond was to "prevent and hinder the ends of justice."  And the plaintiffs, averring that they had no remedy at law, asked for the writ of *mandamus*, to compel the defendant to do the duty asked for.

The statute, sec. 5, ch. 22, of the Session Laws of 1897, provides that:

. "If any party feels himself aggrieved by the decision in said cause, he may appeal therefrom to the district court."

And it is provided by sec. 1803 of the Statutes of 1893, that:

"From all decisions of the board of  county commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved  *  *  *  upon filing a bond with sufficient

penalty, and one or more sureties, to be approved by the county clerk."

The statute thus vests in the county clerk the authority to approve the appeal bond, and the approval of the bond is reposed in his discretion, and the exercise of it will not be interfered with here, unless it is exercised in an arbitrary manner. We cannot see that it has been so exercised in this case.

The application for the writ will be disallowed.

Burford, C. J., dissenting; all of the other Justices concurring.

Dissenting opinion by

BURFORD, C. J.: I dissent, for the reason that I regard the bond offered as ample, and the bond required by the clerk as exorbitant and unreasonable, and that such requirement was an arbitrary abuse of discretion which the court should correct.