BOARD OF COM'RS OF SEMINOLE COUNTY v. STATE

*ex rel.* COBB, *County Judge.*

No. 2752.    Opinion Filed January 9, 1912.

(120 Pac. 913.)

1.    **MANDAMUS—Performance of Official Duty.**  Where there has been an exercise in good faith of judgment or discretion by an officer upon whom a duty involving discretion is imposed, the writ of mandamus will not lie to compel him to act again; but, if by a mistaken view of the law or by an arbitrary exercise of his authority there has been in fact no actual exercise in good faith of the judgment or discretion vested in the officer, the writ will lie to compel such officer to act within the limits of the law.

2.    **INFANTS — Probation  Officers — Appointment — Jurisdiction of County Commissioners.**  By virtue of section 5 of an act of the Legislature approved March 24, 1909, generally known as the ''Juvenile Court Act'' (article 8, c. 14, p. 188, Sess. Laws 1909), an appointment by the county court of any person as probation officer must have the consent and approval of the county commissioners, and, in giving and refusing such consent, the commissioners are vested with discretion to determine whether the proposed appointee is a discreet person of good character; but they are not vested with the power to determine whether a necessity exists for such appointment and to refuse to consent to an appointment solely upon the ground that no necessity for such officer exists.

3.    **MANDAMUS—Appointment of Probation Officer—Duty of County Commissioners.**  A board of county commissioners to whom was referred an appointment by a county court of a person as probation officer determined that the proposed appointee was a discreet person of good character and qualified under the foregoing statute for the office, but determined that no necessity existed for such officer and refused to consent to and approve the appointment solely upon that ground.  **Held,** that said board of county commissioners may be ordered by mandamus to consent to and approve the proposed appointment.

(Syllabus by the Court.)

*Error from District Court, Seminole County,*

*Tom D. McKeown, Judge.*

Application by the State, on the relation of T. S. Cobb. County Judge, for a writ of mandamus to the Board of County

Commissioners of Seminole County. From a judgment awarding the writ, defendants bring error. Affirmed.

*W. W. Pryor* and *Willmott & Dean,* for plaintiffs in error.

*J. H. Stolper* and *T. S. Cobb,* for defendant in error.

HAYES, J. This was a proceeding for a mandamus in the court below. The trial there was upon the alternative writ and the return thereto. From a judgment awarding a peremptory writ, this proceeding in error is prosecuted.

The facts as alleged and admitted by the pleadings are substantially that defendant in error, relator in the court below, as judge of the county court of Seminole county, on the 1st day of April, 1911, appointed one I. L. Flynn to the office of probation officer of said county. Plaintiffs in error, respondents below, as members of and constituting the board of county commissioners of Seminole county, refused to consent to the appointment of said Flynn as probation officer upon the ground that no necessity existed for the appointment or services of such an officer. They admit in their return that said Flynn is qualified and competent as required by law to fill the office; and that their refusal to consent to his appointment is solely upon the ground and for the reason above mentioned.

Relator brought this action to secure a peremptory writ of mandamus, ordering respondents to consent to and approve the appointment made by the court. The authority of relator to make the appointment and the duty of respondents in the premises are to be found in section 5 of an act of the Legislature approved March 24, 1909, generally known as the "Juvenile Court Act." Article 8, c. 14, Sess. Laws 1909, p. 188. That section reads as follows:

"The court shall have authority to appoint, or designate, by and with the consent of the county commissioners, one discreet person of good character to serve as probation officer during the pleasure of the court; said probation officer to receive compensation of fifty dollars per month from county fund, to be paid by county commissioners. In case the probation officer shall be appointed by any court, it shall be the duty of the clerk of the

court, if practicable, to notify the said probation officer in advance when any child is to be brought before the court; it shall be the duty of said probation officer to make such investigation as may be required by the court; to be present in court in order to represent the interests of the child when the case is heard; to furnish the court such information and assistance as the judge may require; and to take such charge of any child before and after trial, as may be directed by the court."

There is no controversy between the parties that in order to effect an appointment by the court of any person as probation officer, such appointment must have the consent of the county commissioners, and that they are authorized to determine whether such proposed appointee is a discreet person of good character and qualified under the provisions of the act for the office, and that in determining this fact the commissioners are vested with a discretion and judgment that cannot be controlled by mandamus. The point of controversy between them is whether the county commissioners have authority, in determining whether they shall consent to any appointment made by the county court, to determine the necessity for such an appointment, and to refuse to consent to the appointment upon the ground that there is no need for such officer.

That officers who have imposed upon them by law the performance of duties involving the exercise of judgment and discretion cannot be controlled in the discharge of such duty by mandamus is fundamental. *Monroe et al. v. Beebe,* 10 Okla. 581, 64 Pac. 10; 19 Am. & Eng. Encyc. of Law, 732. Under this rule, if respondents had determined not to consent to the appointment of the proposed appointee upon the ground that he is not a person qualified under the statute for the office, in that he is not a discreet person or one of good character, their determination in the matter could not be controlled or reviewed by the order sought in this proceeding. Nor will the remedy lie if the statute vests the commissioners with the power to exercise their judgment and discretion in determining whether necessity exists for the appointment of such an officer, or makes the authority of the county court to appoint or designate some person depend in the first instance upon the consent of the county commissioners.

to the exercise of that authority. But, on the other hand, if the board of county commissioners are without any authority to refuse their consent to an appointment upon the ground that no necessity exists therefor, then relator is entitled to the remedy he seeks, and has been awarded him by the trial court. Where there has been an exercise in good faith of judgment or discretion by an officer upon whom a duty is imposed, the writ will not lie; but, if by reason of a mistaken view of the law or by the arbitrary exercise of such officer's authority there has been in fact no actual exercise in good faith of the judgment and discretion granted him by the law, the writ is an available remedy to the aggrieved party. 19 Am. & Eng. Encyc. of Law, p. 739.

Refusal to consent to the appointment of Flynn solely upon the ground that he is not needed as a probation officer of the county is not an exercise of judgment and discretion in determining whether he is a suitable and qualified person for such office. As stated, *supra,* respondents admit in their return, and it is admitted in their briefs, that they have determined he is qualified, but refuse their consent upon the other ground, which, if they are mistaken in their construction of the law, is equivalent to an arbitrary refusal to act. Relator's right to relief, therefore, turns upon the construction of that portion of the foregoing statute that confers upon the court authority to make the appointment. The language is not clear, and plausible argument may be offered to support, respectively, the contentions of relator and respondents. Narrowed down to its strictest analysis, the difference in their contentions is as follows: Respondents contend that the phrase "by and with the consent of the county commissioners" is a limitation upon the authority of the court to act upon the statute; that he has no power to appoint or designate any one as probation officer, unless they consent to his authority so to act. Relator, on the other hand, contends that said phrase is a limitation only upon the selection or appointment made by him, which appointment or selection cannot become final until consented to or approved by the county commissioners upon their determining that the person proposed by him for the office is a discreet person of good character. No case construing a similar statute has been called to our

attention by either of the parties, and we have been unable by the search we have had an opportunity to make to find any decided case that throws any light upon the question. The intent of the Legislature must be gathered from the general purposes of the act and the context of which the ambiguous language forms a part. It is the theory of respondents that it was intended to lodge with them the judgment and discretion to determine the necessity of such appointment in order to protect the county against the expense of a needless officer. We think, if this had been the purpose of the statute, it would not have provided that such officer shall serve during the pleasure of the court; for, if the Legislature had deemed it important that the expense of such an officer should not be incurred, without the necessity therefor being approved by the county commissioners, it would not have left it within the power of the court to continue such expense after once begun, notwithstanding the county commissioners might be impressed that the necessity had ceased to exist. If it had been intended that the county commissioners should ascertain in the first instance whether the number of juvenile cases before the court and the number of dependent and neglected children in the county are sufficient to demand the services of such an officer, the continuance of such an officer would have been made dependent upon the determination both of the court and of said commissioners of its necessity, so that such officer could be discontinued from service at any time either of said authorities decided there was no demand for such expense. We think, on the other hand, the purpose of the act in providing for the consent of the county commissioners to this appointment was to safeguard and insure the selection of a competent and suitable person for this responsible position. A reading of the various provisions of the act very quickly discloses that its purpose is as declared by the last section thereof to provide that the care and custody and discipline of neglected, dependent, or delinquent children shall be, as nearly as can be, that which would be given by parents, and that the reformation and saving of the delinquent child to the state and society is the primary object to be accomplished, rather than punishment of the crime and the vindication of the law. The act pro-

vides that, in cases involving neglected and dependent children, they shall be brought before the court by service of summons instead of by warrant, which may be served by the sheriff or probation officer; and it authorizes the court, pending a hearing of any petition relative to any dependent or neglected child under the age of 16 years, to leave the child in the custody of such officer, or have it kept in some suitable place provided for by the city, county, or state authorities; and, upon final hearing, authorizes the court to commit such child to the care of a suitable state institution or to the care of some reputable citizen of good moral character, or to some training school or industrial school, or to some association willing to receive it. The duties imposed by the statute, quoted above, upon the probation officer to make an investigation in all such cases and to represent the interests of the child when such a case is heard, and from time to time furnish the court with information that will enable the court best to protect the interests of the child, render this officer one of great importance to the county and the state. His duties are such as to require tact, patience, and kindness, and yet firmness, with a thorough knowledge of child nature; and, since he is to be such an important factor in the reformation of the child, he ought, as is required by law, to be a person of good moral character. The county judge, whose court has jurisdiction coextensive with the county in all misdemeanor cases and of all probate matters, including, of course, matters pertaining to guardianships and wards, is in the best position to ascertain and know the necessity of such an officer in his county and how long that necessity continues; but in the selection of a person with the peculiar qualifications the position requires he can and no doubt will be in most instances greatly aided by the suggestions and concurring judgment of the county commisioners; and such we think was all that was intended to be accomplished by that portion of the statute under consideration.

The order of the trial court commands respondents to convene immediately in session and consent to and approve the appointment of said Flynn as probation officer. Consenting to and approving his appointment involves the exercise of discretion in

determining whether he is a discreet and moral person, qualified for the appointment; and, if the record did not disclose that respondents had exercised this discretion and found him qualified for the office, and that his appointment should be approved unless. they are authorized to determine the necessity of his appointment, the order of the lower court should be modified so as to command them only to act and exercise their discretion within the limitations of the statute as herein construed. *Mobile Mutual Insurance Co. v. Cleveland,* 76 Ala. 321. But, since respondents. concede his qualifications and that the approval should be made, if they cannot deny the authority of the court to determine the necessity therefor, there remains nothing to be done by them, except the act of expressing their consent and making record thereof, which they may be commanded to do by the writ sought. *Tilden v. Sacramento County,* 41 Cal. 68; *State ex rel. Johnston v. Lutz et al.,* 136 Mo. 633, 38 S. W. 323; *Harwood v. Quinby,* 44 Iowa, 385.

The judgment of the lower court is affirmed.

All the Justices concur.