Buffington et al., Board of County Com'rs, v. State ex rel. Barnard.

BUFFINGTON *et al., Board of County Com'rs*, v. STATE
ex rel. BARNARD, *Commissioner of Charities
and Corrections.*

No. 5202.  Opinion Filed November 2, 1915.

(152 Pac. 853.)

**INFANTS—Probation Officers—Appointment—Power of Commissioners.**
Under section 598, Comp. Laws 1909 (section 4420, Rev. Laws
1910), where the juvenile court has appointed a probation officer,
the only question left open for the board of county commissioners
to pass upon is whether or not the appointee is a discreet person
of good character.

(Syllabus by Rittenhouse, C.)

*Error From Superior Court, Garfield County;
Dan Huett, Judge.*

Action by the State, on the relation of Kate Barnard,
as Commissioner of Charities and Corrections, against
B. F. Buffington and others, as Board of County Com-
missioners of Garfield County. Judgment for plaintiff,
and defendants bring error. Affirmed.

*W. W. Sutton* and *H. Blasdel,* for plaintiffs in error.

*Ross F. Lockridge* and *W. J. Otjen,* for defendant in
error.

Opinion by RITTENHOUSE, C. On January 6, 1913,
Winfield Scott, judge of the county court of Garfield
county, and as such, judge of the juvenile court of said
county, appointed I. W. Scherich as probation officer, and
presented said appointment to B. F. Buffington, I. G.
Gossett, and H. H. Semke, constituting the board of
county commissioners of Garfield county. On February
4, 1913, said board took the matter of the approval of

the appointment of probation officer under consideration, and refused to assent to said appointment for the reason that the preceding board did not make an estimate for the payment of the salary of a probation officer. Under these facts, this action was instituted, praying that a writ of mandamus issue ordering, directing, and commanding B. F. Buffington, I. G. Gossett, and H. H. Semke to meet as a board of county commissioners and determine as to whether or not I. W. Scherich was a discreet person of good character, and if they so found, that they approve and confirm the appointment. Upon a hearing, the members of said board were ordered to meet on May 12, 1913, and proceed to determine whether or not the appointee, I. W. Scherich, was a discreet person of good character, and, if they so found, to consent to such appointment.

Under section 598, Comp. Laws 1909 (section 4420, Rev. Laws 1910), the county court has authority to appoint or designate, by and with the consent of the county commissioners, one discreet person of good character, to serve as probation officer. The defense was made on the theory that there was no estimate made for the payment of the salary of the probation officer, and therefore the board of county commissioners refused to consent to the appointment.

It is apparent that the only question involved in this proceeding has been settled by *Sullins et al v. State ex rel. Barnard et al.*, 33 Okla. 526, 126 Pac. 731, and *Board of Commissioners of Seminole County v. State ex rel. Cobb, County Judge*, 31 Okla. 196, 120 Pac. 913, wherein this court held that the only question for the board to pass upon is whether or not the appointee is a discreet person of good character. In the instant case,

this was the only proper question before the commissioners, and they having refused to make a finding as to whether or not I. W. Scherich was a discreet person of good character, mandamus will lie to compel them to meet as a board of county commissioners and determine such question.

The case should therefore be affirmed.

By the Court: It is so ordered.