CROZIER *v.* COUNTY COMMISSIONERS OF PRINCE
GEORGE'S COUNTY ET AL.

[No. 157, October Term, 1952.]

*Decided June 12, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Lansdale G. Sasscer, Jr.,* with whom were *Hal C. B. Clagett, Jerrold V. Powers* and *Sasscer, Clagett and Powers,* on the brief, for appellants.

*LeRoy Pumphrey* and *H. Mason Welch,* for Miller and others, appellees.

*C. Calvert Lancaster* for County Commissioners for Prince George's County, appellees.

HAMMOND, J., delivered the opinion of the Court.

The Circuit Court for Prince George's County sustained a demurrer to an amended bill of complaint which sought an injunction restraining the owners of property from using it as permitted by its rezoned classification, and directing the County Commissioners of that County, sitting as a District Council, to set aside the order which effected the rezoning.

The bill was brought by Gordon W. Crozier and Mozelle P. Crozier, his wife, only, but it alleges that the action is on behalf of several hundred similarly situated property owners in the subdivisions known as Colebrook, Hillcrest Heights and Hillcrest Gardens, whose property, like that of the complainants, ". . . either adjoins or is in close proximity of the property rezoned. . ."

The bill makes the following pertinent allegations. First, that an application for Map Amendment and Rezoning of the property of the individual defendants, seeking its rezoning from "two family, semi-detached, residential" to "apartment house, low density, residential", was duly filed with the Maryland-National Capitol Park and Planning Commission. The Commissioners approved the request for amendment and thereafter, as the law directs, the application went to the County Commissioners of Prince George's County, as a District Council, who, on September 19, 1951 held a hearing in Hyattsville. After the hearing, the application for rezoning was denied. No continuance was requested at the hearing, nor was any such request made within thirty days

thereafter. It is further alleged that a re-hearing was requested after that period and the date set for November 21, 1951, and that on that date a hearing was held before the District Council on the same application that was heard and denied on September 19, 1951; following the second hearing, the Zoning Map was changed, as requested, to permit apartment house construction. The bill alleges that the action of the District Council, following the re-hearing, was illegal and void, because in violation of the Zoning Enabling Acts of the County, and of the zoning ordinance enacted and codified by the County Commissioners of Prince George's County on November 29, 1949 and in force at the times mentioned, as to notice by publication, public hearing and posting of the property, and says that by reason of the failure to give notice and to post the property, the complainants, as well as other interested parties, had no notice, actual or constructive, of such re-hearing and so did not appear on November 21, 1951. The interest of the complainants in the matter and their allegation of special damage is set forth in Paragraph 20 of the bill of complaint as follows:

"20. Your orators further allege that their property, together with 300 other individual property owners either adjoins or is in close proximity of the property rezoned and that their individual properties will be further damaged due to the fact that your petitioners property and other individual property owners will be cheapened and depreciated in value of a minimum of not less than $300.00 for each individual property owner and in excess of $1,000.00 to many."

The appellees do not seriously dispute that the Enabling Acts and the ordinances were not followed, but dismiss this as inconsequential, saying: "It matters not that some slight violation of an ordinance might have been made for that would be a *moot* question and the court would not be justified in inquiring into it unless someone

had sustained damage and this must appear from clear and convincing allegations in the pleadings. The trial court was unable to find any such allegations in the present pleadings and he dismissed the amended bill of complaint." Although relying on the failure of the court below to find adequate allegations of special damage in the pleadings, the appellees in other parts of the brief and in their argument here seriously contend that this Court should consider facts extraneous to the bill of complaint, considered by the court below, which were either learned by him from statements of counsel at the hearing or known to him as a resident of the County, and relied on by him. In the decree of the Court below, it is said: ". . . after counsel for both sides had been fully heard and upon consideration of the pleadings, together with statements as to the facts in the case made by counsel in open Court, . . ." it is adjudged, ordered and decreed that the demurrer be sustained. It is, of course, entirely clear that when the case is decided on demurrer, the well pleaded allegations of fact in the bill must be considered as true and the case must be decided entirely on those allegations. This being so, the controlling question here is the one question raised by the appellees' demurrer, namely, do the complainants allege in the bill: "such an interest in the subject matter as would entitle them to maintain this cause of action"? We think that they do.

The power of the County Commissioners of Prince George's County to zone or rezone is one that they have only by statutory delegation and can be exercised only to the extent and in the manner the legislature has said that it may be. The basic power to zone is conferred on the County Commissioners by Chapter 992 of the Acts of 1943 and such portions of Sections 1 to 8, inclusive, of Article 66B of the Code (1951 Ed.) as are not inconsistent with the Acts of 1943. Section 4 of Article 66B requires notice and public hearing: " . . . at which parties in interest and citizens shall have an opportunity to be heard." Section 5 of that

Article provides that: "The provisions of Section 4 relative to public hearings and official notice shall apply equally to all changes or amendments." Section 985 of the Code of Public Local Laws of Prince George's County, Flack's Edition, authorizes the Commissioners as a District Council to zone and rezone: ". . . in accordance with the conditions and procedure specified in Sections 986 to 994, inclusive, of this Article, . . .". Section 988, before the passage of any regulation authorized, requires a public hearing, of which thirty days prior notice must be published in two newspapers of general circulation in the County. Zoning ordinances passed and codified by the County Commissioners on November 29, 1949 and in effect at the times with which we are here concerned, have the same requirements as to a public hearing and newspaper notice of it, and in addition, require posting the property in a conspicuous manner. They further provide that action on any proposed amendment is not subject to reconsideration after thirty days except by the filing of a new application. Within the thirty day period an amendment may be recalled for consideration if a rehearing be scheduled, advertised and posted, as in the case of a new application. No new application involving the same property may be accepted within six months of the date of the denial of the first. See Sections 30.3, 30.31, and 30.43.

The requirements of the ordinance are binding on the Commissioners sitting as a District Council and they may exercise their zoning powers only by following the procedure specified; this is implicit, if not explicit, in Sections 985 and 988 of the Prince George's County Code and Sections 4 and 5 of Article 66B of the Code (1951 Ed.). The cases spell out the necessity of substantially complying with legislative procedural and substantive prerequisites as to notice and hearings if the action of zoning authorities is to be valid. *Heath v. Mayor & C. C. of Baltimore*, 187 Md. 296, 49 A. 2d 799; *Louisville & Jefferson County Planning and Zoning Commission v. Ogden*, 307 Ky. 362, 210 S. W. 2d 771; *Watkins v. Grom-*

*ley,* Sup., 59 N. Y. S. 2d 747; *Yokley, Zoning Law and Practice,* Section 79 and Section 109; and *Bassett, Zoning,* p. 36. The bill alleges that they were not so complied with.

The appellees, conceding all this, in effect, for the purpose of the argument, say nevertheless that the Court will not review the action of public officials nor will it interfere with the action of individuals on an application for injunction unless it appears by clear and positive allegations that the plaintiff otherwise will be injured and that this injury is peculiar to him as distinguished from general injury to others. The case which is relied on principally is *Bauernschmidt v. Standard Oil Co.,* 153 Md. 647, 139 A. 531. This case was distinguished by Judge Marbury for the Court in *Weinberg v. Kracke,* 189 Md. 275, 55 A. 2d 797, where it was said that the *Bauernschmidt* case was decided on the facts after hearing and the facts showed no special damage to the complainant's property; if there had been proof of actual depreciation in value, there might have been grounds for bringing the action. In the *Weinberg* case, the matter was decided on demurrer, the contentions being the same as in the present case, namely, that there was no interest in the complainants which would justify their bringing the suit for injunction to prohibit the use of the rezoned premises near their property. The Court recognized the rule that where the complainant seeks to redress a public wrong, he has no standing in Court unless he has also suffered some special damage from such wrong different in character and kind from that suffered by the general public. Nevertheless, the Court found that the neighboring property owners did have the right to seek injunction on a claim of special injury and damage, saying: "In the present case the allegation is clearly made that the proposed salvaging or wrecking yard would materially damage and depreciate the value of the property of the complainants. We think the complainants are entitled to an opportunity

to prove this, and if they can prove it, then, of course, they are entitled to an injunction."

We think the *Weinberg* case is indistinguishable from the case under consideration. The complainants here allege that their property will be damaged and depreciated by reason of the action challenged as unlawful and void, to the extent of at least $300.00. They are entitled to an opportunity to prove this. It matters not that the complainants in this case purport to appeal for all of their similarly situated neighbors. As was said in the *Weinberg* case, if one has alleged special damage and is entitled to sue: ". . . it neither adds nor detracts from that right if he brings other with him or attempts to represent those who have not appeared. His right is based upon his own injury and damage, not upon that of his neighbors or fellow citizens. Upon that special injury and damage his case will succeed or fall. It will be decided by the allegations he makes in his complaint, in the first instance, and if these are sufficient, by the supporting proof he produces."

In *Cassel v. Mayor and C. C. of Baltimore,* 195 Md. 348, 73 A. 2d 486, 487, the suit was in equity by some of the residents of Howard Park to annul an ordinance of the Mayor and City Council, which amended the zoning ordinance by reclassification of property so as to permit its use for a funeral home, and to restrain the use of the property as such a home. The Court said: "It is an established rule that a court of equity has the power to restrain the enforcement of a void statute or ordinance at the suit of a person injuriously affected. . . It is also held that a court of equity has jurisdiction to grant injunctive relief against the violation of a zoning ordinance on the complaint of an individual sustaining special damage as a result of such violation. . . Though appellants cannot see the front of the funeral home, they can see the garage in the rear. As they are property owners residing within the residential use district in which the property in dispute was originally classified, they are proper parties to a suit attacking the validity of the

amending ordinance and praying for an injunction against the use of the property as a funeral home."

That the legislature believed that a neighbor often might well be a party in interest may be gleaned from the provisions of Section 988 of the Prince George's County Code, which says that the District Council is empowered to include in its regulations for additional notice by mail or by posting to the owners of: ". . . properties adjoining or across the road from or in the same block as or in the general vicinity of the properties involved in the proposed amendment."

The holdings of the *Weinberg* and *Cassel* cases are in accord with those of the courts of other jurisdictions where adjacent property owners often have been held to have standing to challenge unlawful or irregular zoning plan amendments or actions involving neighboring properties. *Bouchard v. Zetley,* 196 Wis. 635, 220 N. W. 209; *Polk v. Axton,* 306 Ky. 498, 208 S. W. 2d 497; *Welton v. 40 East Oak St. Bldg. Corp.,* 7 Cir., F. 2d 377; and *Marcus v. Village of Mamaroneck,* 283 N. Y. 325, 28 N. E. 2d 856, 860. In the last case cited the Court of Appeals of New York rejected the contention that the plaintiffs lacked capacity to enjoin because they had suffered no special damage, adding: "It appears that the property of plaintiff Marcus adjoins one parcel, and is across the street from the other parcel belonging to defendants. . . To what extent the burden is upon plaintiffs to show damages is not before us since the court at Special Term found that the evidence was sufficient to show that the property belonging to plaintiffs was materially damaged in pecuniary value by reason of the use of the property of defendants in excess of the use existing at the time of the adoption of the zoning ordinance."

The decision in this case is not in conflict with our holding in *Wakefield v. Kraft,* 202 Md. 136, 96 A. 2d 27, where we pointed out that if an amending ordinance is otherwise valid, the fact that neighboring owners have built in reliance on the original zoning, gives them

no vested right to successfully complain of the amendment. Here the allegation is that the amending ordinance is invalid and unlawful and that the neighboring owners are damaged because of its purported passage.

We think the complainants in this case have alleged special damage entitling them to challenge the action of the District Council, and that the decree of the Court below should be reversed to permit them an opportunity for proof.

*Decree reversed, with costs, and case remanded for further proceedings.*