**W. E. FLETCHER, Plaintiff in Error,**

v.

**BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY,** State of Oklahoma, Defendant in Error.

**No. 36577.**

Supreme Court of Oklahoma.

March 15, 1955.

Rehearing Denied June 21, 1955.

Cargill & Cargill, John Chiaf, Oklahoma City, for plaintiff in error.

Embry, Crowe, Tolbert, Boxley & Johnson, John W. Swinford, Wm. Don Dow, Oklahoma City, Granville Scanland, County Atty., Nathan S. Sherman, Asst. County Atty., Oklahoma City, for defendant in error.

CORN, Justice.

This is an appeal from the judgment of the District Court of Oklahoma County re-

fusing to re-classify the following described land in Oklahoma County, Oklahoma;

"South Half of the North Half of the Southwest Quarter of the Northwest Quarter of the Northwest Quarter, (S/2 N/2 SW/4 NW/4 NW/4) of Section Twenty-seven, (27) Township Twelve (12) North, Range Four (4) West,"

owned by plaintiff in error, W. E. Fletcher, from C–2 General Commercial to I–2 Light Industrial classification under the zoning regulations of Oklahoma County adopted pursuant to the authority of 19 O.S.1951 § 865.11 et seq. The case began with the application of W. E. Fletcher to the County Planning Commission, and after obtaining the majority vote of that body that said property be rezoned, it was presented to the Board of County Commissioners of said county for approval. Upon hearing before the County Commissioners a majority vote was obtained, two of the three county commissioners voting that the ruling of the Planning Commission be abided by and the zoning regulations on said property be changed from C–2 Commercial to I–2 Light Industrial.

For the purpose of brevity and clarity, W. E. Fletcher will be referred to as plaintiff, and the various individual protestants and the Board of County Commissioners will be referred to as defendants.

The evidence disclosed that plaintiff is engaged in the business of constructing water and sewer pipelines for municipalities and maintains his office and storage for his pipe and equipment on the land involved, which is a tract on the east side of north MacArthur Boulevard at approximately northwest 20th street in Oklahoma County with a frontage on MacArthur Boulevard of 165 feet and a depth of 660 feet. MacArthur Boulevard is a paved north-south through street running from Will Rogers Field on the south, and continuing north to the county line. Plaintiff had purchased said property in June, 1952; that prior to purchasing said property, he made application to the County Planning Commission for zoning for his business; that they zoned it Commercial, said resolution zoning said

property being introduced in evidence and dated March 10, 1952, according to said resolution, rezoned the property in controversy herein and other property surrounding said property for single residence to commercial business upon the recommendation of the Oklahoma County Planning Commission, it being immediately necessary for the preservation of peace, health, safety and general welfare of Oklahoma County, Oklahoma, and the inhabitants thereof. Plaintiff procured a permit at the County Planning Board for the building of a two room office building on said property prior to the building of any building on said land on August 5, 1952. One of the defendants had joined with plaintiff to rezone said property from residential to commercial. Photographs of plaintiff's property and property surrounding it were introduced showing a car lot, grocery store, construction yard (analogous to plaintiff's premises), a beauty shop, sand pit, feed lot and a dancing school. Plaintiff had a payroll of $70,000 to $75,000 a year, and if not permitted to carry on his business would be put out of business entirely. MacArthur Boulevard is an industrial, or heavy traffic, street and zoning for industry is made on such traffic arteries. One of the defendants herein, Earl R. Kelley, a well driller, operated on his property an office building and a construction yard wherein he had casing and pipe and drilling equipment; that his property would be affected about the same as it would be by his own construction yard; that he had proceeded to build a building without obtaining a building permit, was in the water well construction business, kept concrete machines on his property, a warehouse, pipe and drilling equipment, yet was objecting to plaintiff operating a similar business on his property.

The trial court, in arriving at its decision in the journal entry of judgment, finds the said court; in arriving at its decision to not re-classify plaintiff's property, is relying upon the statement made by the witness, Earl R. Kelley, during the course of his testimony in which Mr. Kelley stated his intention to remove the pipe and equipment presently stored and maintained by him on the rear of his property located at the

northeast corner of the intersection of northwest 16th street and MacArthur Boulevard.

We thus are called upon in the light of the matters set forth to determine whether the trial court erred in denying plaintiff a rezoning of his property.

■ 19 O.S.1951 § 865.16 does not require the unanimous approval of the Board of County Commissioners before an amendment be passed by said Board. Said statute only requires the favorable vote of the Board of County Commissioners. Nowhere in said statute does the Legislature express the intent that the Board's vote be unanimous. If the Legislature did so intend, it would have used the word unanimous. The effect of the majority of the commissioners voting that plaintiff's property be rezoned was to sustain plaintiff in his request for rezoning.

■ The court's duty when change from classification of property under zoning regulations is sought is to determine whether the restriction on use of the property is a reasonable exercise of power under zoning regulations and statutes, and whether the restriction is an arbitrary, unreasonable and capricious exercise of that power.

The evidence in this case clearly shows that one of the defendants is conducting a similar, or analogous, business as being conducted by plaintiff.

■ In view of the general character of the neighborhood and the surrounding circumstances, we hold that the refusal of the trial court to rezone plaintiff's property, which bears no reasonable relation to public health, safety, morals or welfare, should not be sustained.

■ Abuse of judicial discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence. State v. State ex rel. Shull, 142 Okl. 293, 286 P. 891.

The general character of the neighborhood and the surrounding circumstances as shown by the evidence required that the trial court should have ordered plaintiff's property rezoned from C–2 General Commercial to I–2 Light Industrial.

■ The following language used in the case of Lockard v. City of Los Angeles, 33 Cal.2d 453, 202 P.2d 38, 43, 7 A.L.R.2d 990, is appropriate and controlling in the case at bar:

"The findings and conclusions of the trial court as to the reasonableness of a zoning ordinance are not binding on an appellate court if the record shows that the question is debatable and that there may be a difference of opinion on the subject. The appellate courts look beyond such determinations and consider in some detail the basic physical facts appearing in the record, such as the character of the property of the objecting parties, the nature of the surrounding territory, the use to which each has been put, recent trends of development, etc., to ascertain whether the reasonableness of the ordinance is fairly debatable. * * *"

Measured in the light of the foregoing principles it is apparent that there was an abuse of sound legal discretion when the trial court refused to rezone plaintiff's property.

The judgment of the District Court of Oklahoma County is hereby reversed with directions to enter an order rezoning plaintiff's property from C–2 General Commercial to I–2 Light Industrial.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, BLACKBIRD, and JACKSON, JJ., concur.