R. W. ROBBERSON and May Robberson, Plaintiffs in Error,

v.

The BOARD OF COUNTY COMMISSIONERS OF COUNTY OF OKLAHOMA, C. A. Henderson, Lonnie Payne and Henry Payne, Defendants in Error.

No. 37207.

Supreme Court of Oklahoma.

Oct. 16, 1956.

Withington, Shirk, Nichols & Clifford, Oklahoma City, for plaintiffs in error.

Granville Scanland, County Attorney, Nathan S. Sherman, Asst. County Atty., for defendant in error Board of County Com'rs of Oklahoma County.

Dan M. Welch, Oklahoma City, for defendants in error C. A. Henderson, Lonnie Payne and Henry Payne.

BLACKBIRD, Justice.

The action, out of which this appeal arose, was instituted by plaintiffs in error, as plaintiffs, against defendants in error, as defendants; and our subsequent refer-ence to said litigants will be by their trial court designations.

The controversy between the parties re-volves around the defendant Board's Reso-lution No. 376 amending Oklahoma County zoning regulations by changing the zoning of an area, in which the defendant C. A. Henderson's tract of land is located, from "A–2 General Agricultural" to "1–3 Heavy Industry." Said amendment has the effect of allowing use of said tract as a "sanitary land fill" operated by Henderson and his co-defendants, Lonnie and Henry Payne.

As owners of land comprising at least 20 per cent of the "frontage" within a thousand feet to the right, and left, and directly opposite the "frontage" involved, plaintiffs, according to the allegations of their petition, protested such re-zoning, but, notwithstanding this, the resolution was purportedly passed by two of the three members of the defendant Board voting for it, while the third member voted against it. After alleging these principal facts, plaintiffs' petition asserted that said resolu-tion was void and ineffective because it had not been passed by "the favorable vote of all members" of the defendant board, as they alleged Tit. 19, O.S.1951 § 865.16 requires.

One ground of the demurrer, by which defendants asserted the insufficiency of plaintiffs' petition to state a cause of action, was that under this Court's recent decision in Fletcher v. Board of County Com'rs, Okl., 285 P.2d 183, the favorable vote of only a majority of the members of such a board is sufficient for effective passage of such a resolution. In herein urging error of the trial court in sustaining defendants' position, plaintiffs concede that, in the cited case, this court so interpreted the cited statute, but they urge us to recon-sider that opinion and overrule it as incor-rect. The only authority they cite, as di-rectly supporting their position, is an opin-ion by the St. Louis Court of Appeals in the case of State ex rel. Town of Olivette v. American Telephone & Telegraph Co., 280 S.W.2d 134, 137. That case held that a body, known in Missouri as a County

Council, could not, by motion, grant the telephone and telegraph company a special permit to operate a radio relay tower on certain described land, but that, under the laws of Missouri then in effect, this could only be done by ordinance. The particular statement of said opinion, on which plaintiffs rely, was made in connection with that court's discussion of the powers of a Missouri County Court when acting as a board of adjustment, as follows:

"All it could do in relation to changing the use fixed by an adopted zoning order was to amend the order as provided by Section 64.140 [RSMo 1949, V.A.M.S.], *and this section requires a unanimous vote.* State ex rel. Barr v. Fleming, Mo.App., 259 S.W.2d 417." (Emphasis ours.)

Defense counsel say that the words in italics (which comprise the only part of the sentence under consideration) was not a necessary, or proper statement, and was therefore dictum in that case. We are inclined to agree. Also, the only statement in the opinion in the Fleming case, which could conceivably pertain to the controversial statement in the American Telephone & Telegraph Case, referred to sec. 20 of the Zoning Order of Jackson County, Missouri, instead of referring to such wording as it is used in the Missouri statute, Section 64.140 RSMo 1949, V.A.M.S. In view of the foregoing, we reject the cited Missouri cases as controlling or persuasive precedent for the interpretation of our statute. We think the term "all members" in the hereinbefore quoted portion of sec. 865.16 refers to the number of county commissioners who shall vote or participate in the voting, on a zoning amendment, and that it defines what shall be a quorum of board members for that purpose, rather than prescribing the number who must vote *for* the amendment to put it into effect. In this connection, see Sesnovich v. Board of Appeals, 313 Mass. 393, 47 N.E.2d 943, 945; McQuillin, Municipal Corporations, 3d Ed., Vol. 8, sec. 25.269; 58 Am.Jur., "Zoning", sec. 219. Any other interpretation would have the effect of placing the power of veto in one member of the board. In this connection, see Mayor and City Council of Baltimore v. Biermann, 187 Md. 514, 50 A.2d 804, 808. A part of plaintiffs' argument is to the effect that unless the provision in question be interpreted as a requirement that all members of the Board vote for such an amendment to accomplish its passage, it has no meaning and is mere surplusage or a useless and unnecessary insertion of words. We do not agree, for if said provision had not been included in the statute in question, then, two of the Board's members could, according to the common law rule, act on such measures without a third member being present or voting. See Borough of Oakland v. Board of Conservation, etc., 98 N.J.L. 806, 122 A. 311, 126 A. 534. It is conceivable, if not probable, that the drafters of the law under consideration had that in mind when said provision was written into our statute.

As we are of the opinion that none of the arguments presented on behalf of plaintiffs show good cause for overruling Fletcher v. Board of County Com'rs, supra, or for departing from the rule therein announced, and that they have not otherwise demonstrated error in the judgment of the trial court, said judgment is hereby affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.