Elizabeth R. GARRETT and Tom W. Garrett, Jr., Plaintiffs in Error,

v.

Dr. O. Alton WATSON, T. Ray Phillips, Jr., Ralph Adair, Ben Gullett, Board of County Commissioners of Oklahoma County, Defendants in Error.

No. 38152.

Supreme Court of Oklahoma.

July 21, 1959.

"A part of the SW¼ of Section 29, Township 13 North, Range 3 West, beginning at the Southeast Corner of the said quarter section, thence North 1,081.58 feet; thence West 667.19 feet; thence South to the Section line; thence East to the point of beginning."

The plaintiffs are the owners of Lot 7, Mason Addition to Oklahoma City, Oklahoma. Plaintiffs, with others representing twenty per cent of the property across Britton Road and directly opposite to the fronting of the Watson property, filed their protest and plaintiffs appeared at the hearing conducted prior to the re-zoning. On August 19, 1957, the protest was overruled and the application of Watson to change the classification or zoning of h's property to C–2 General Commercial purposes was granted.

On September 9, 1957, the petition of plaintiffs was filed in the district court on appeal. On the same date a written notice was given to the Board of County Commissioners of the intention to appeal. On the 15th day of November, 1957, the trial court dismissed the appeal and the order contains the following language:

"The Court having examined the files and having heard arguments of counsel finds that the demurrers pending herein should be treated as motions to dismiss and that the same should be sustained, and that the appeal should be dismissed on the ground that it was not filed within the time required by statute.

"It Is Therefore Ordered, Adjudged and Decreed by the Trial Court, that the petition and appeal of the plaintiffs filed herein, should be, and is hereby dismissed by the Court, with exceptions to the plaintiffs."

The appeal from that dismissal to this court is upon the original record as provided by 12 O.S.1957 Supp. § 956.1 et seq., and the petition in error was filed in this court within 90 days, as provided by 12 O.S.1957 Supp. § 956.2. A motion to dismiss the appeal to this court has been heretofore considered and denied. The mo-

Garrett & Garrett, Tom W. Garrett, Jr., Oklahoma City, for plaintiffs in error.

Wayne Quinlan, Oklahoma City, for defendant in error Dr. O. Alton Watson.

James W. Bill Berry, County Atty., M. M. Thomas, Asst. County Atty., Oklahoma City, for defendant in error Bd. of County Commissioner of Oklahoma County.

WELCH, Justice.

This is an appeal by El'zabeth R. Garrett and Tom W. Garrett, Jr., hereinafter called plaintiffs, from an order of the Board of County Commissioners made under the provisions of 19 O.S.1957, Supp. § 863.1 et seq., re-zoning certain privately owned property in Oklahoma County from R–1 Single Family Residential to C–2 General Commercial. Dr. O. Alton Watson filed his application with said Board for the re-zoning of the following described property:

tion to dismiss stated that it is not shown in the record that a notice to appeal upon the original record was given. Defendants state the record shows plaintiffs took time in which to make and serve a case-made. Since the court clerk acknowledged due notice of an appeal on the original record, both in his certificate and by his endorsement on the original record, and since the petition in error was filed within 90 days as provided by section 956.2 supra, the appeal cannot be affected by any order made respecting the completion of the record. We adhere to our former order made denying the motion to dismiss in this respect.

We think the district court was in error in holding the appeal from the Board of County Commissioners was not filed within time. 19 O.S.1951 § 431, provides for appeals from the action of the Board of County Commissioners. 19 O.S.1951 § 432 is as follows:

"Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing of the bond as hereinbefore provided, make out a complete transcript, of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court."

The 8th day of September, 1957, fell on Sunday. Plaintiffs therefore had until the 9th day of September to file the appeal. 12 O.S.1951 § 73; Grant v. Creed, 35 Okl. 190, 128 P. 511; O. K. Construction Co. v. Burwell, 185 Okl. 444, 93 P.2d 1092. The defendants in error have, in effect, abandoned the reason assigned by the trial court for the dismissal, but urge two other reasons which will be considered.

It is first argued that under Sections 431 and 432, supra, it is the duty of the plaintiffs to furnish a bond approved by the county clerk. The bond was never introduced in the proceedings, although there is evidence in the record that the trial court examined the bond. We think the record discloses that a bond was tendered, accepted and filed. Defendants cite Monroe v. Beebe, 10 Okl. 581, 64 P. 10. That case is rather an authority for the position of plaintiffs. The county clerk therein refused to accept and file the bond offered by the plaintiffs. This was a positive act of the clerk acting under Sections 431 and 432, supra, and it was held that he acted within his discretion. Here the clerk performed the positive act of accepting and filing the bond and thereafter prepared the transcript for filing in the district court and it was filed in the district court on the same day the bond was filed. In the absence of a statute requiring that the county clerk endorse on the bond his approval we hold the bond sufficient.

In the other proposition defendants argue that the order made by the Board on August 19 is not subject to review. Defendants cite Chandler Materials Co. v. Board of County Com'rs of Tulsa County, 208 Okl. 189, 254 P.2d 767; State v. Ramirez, 34 Idaho, 623, 203 P. 279, 29 A.L.R. 297; In re Assessment of Kansas City Southern Ry. Co., 168 Okl. 495, 33 P.2d 772, as supporting the rule that the action of the Board of County Commissioners is legislative, and there is no appeal therefrom. We see no need to analyze these cases. They are not in point. We have found no case directly in point. In Fletcher v. Board of County Com'rs, Oklahoma County, Okl., 285 P.2d 183, this court considered and determined the issues of an appeal without discussing the right to appeal, and without observing or recognizing any question thereof. In Robberson v. Board of County Com'rs, Okl., 302 P.2d 784, we cited Fletcher v. Board of County Com'rs, supra, as authority for affirming. In Fletcher v. Board of County Commissioners, supra, there is cited with approval Lockard v. City of Los Angeles, 33 Cal.2d 453, 202 P.2d 38, 42, 7 A.L.R.2d 990, in which it is stated:

"The courts will, of course, inquire as to whether the scheme of classification and districting is arbitrary or unreasonable, but the decision of the zon-

ing authorities as to matters of opinion and policy will not be set aside or disregarded by the courts unless the regulations have no reasonable relation to the public welfare or unless the physical facts show that there has been an unreasonable, oppressive, or unwarranted interference with property rights in the exercise of the policy power. * * *"

In Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27, 29, it is stated:

" * * * It is not the function, duty or right of a Court to zone or rezone, but only to determine whether the legislative body has properly applied the governing law to the facts. * *"

.Obviously, the legality and propriety and the proper application of the order and resolution and action of the Board of County Commissioners can only be determined in a review by the court. Until there is a review by the court there is no determination by due process of the fair and reasonable application of the order or action granting the application to rezone the private property of the applicant.

Defendants cite no zoning case and we have found none involving a similar fact situation in which an appeal or a review by the court has been denied. When there is an allegation of, or showing, that a property owner has been injuriously and adversely affected by the granting of an application for the rezoning of privately owned property, we hold an appeal and access to a court of proper jurisdiction is indispensable to a determination of the reasonableness of the granting of such application in view of the property affected. See, in this connection, Stuart v. King, 203 Okl. 23, 217 P.2d 540, cited in Chandler Materials Co. v. Board of County Commissioners, supra. The trial court erred in dismissing the appeal from the Board of County Commissioners.

The District Court judgment of dismissal is reversed, and the cause is remanded, with directions to vacate the order dismissing, and to reinstate the appeal from the Board

of County Commissioners, and to hear and determine the same.

DAVISON, C. J., and HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

WILLIAMS, V. C. J., and JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

I concur in the result but dissent to the law announced in the majority opinion.

As to the motion to dismiss, it is my opinion that it should be denied for the reason that the record shows plaintiffs did in fact give notice of their intention to proceed on the original record. On the date notice of intention to appeal was filed, plaintiffs filed an instrument styled, "Designation of the Record", wherein the clerk was requested to prepare, bind and certify the original record, and to file same in the Supreme Court of the State of Oklahoma when ordered by the court, pursuant to 12 O.S.1957 Supp. § 956.3. I think this was sufficient to constitute notice of intention to proceed on the original record. I do not think that either the clerk's acknowledgement on the file cover that the file contains the original record, or his certificate to the effect that he has included therein everything designated by the plaintiff is necessarily sufficient to establish that proper notice of intention to proceed on the original record was given. 12 O.S.1957 Supp. § 956.3 provides that such notice shall be given to the clerk at the time notice of intention to appeal is given or by *written* notice within ten days thereafter. The fact that the clerk has bound and certified all papers designated does not necessarily prove that the requisite and proper notice was given.

As to the question of whether an appeal will lie from the action of the County Commissioners in re-zoning property, I desire to make the following observations.

19 O.S.1951 § 431, a general statute, provides for appeals from decisions of the Board of County Commissioners to the District Court. However in Groenewold v.

Board of County Commissioners of Kingfisher Co., 195 Okl. 526, 159 P.2d 258, 260, we said:

" * * * We have consistently construed this section to authorize appeals only from decisions of a judicial nature and that decisions of an administrative, legislative or political nature are not appealable on the theory that under the Constitution, *the courts cannot exercise purely administrative or legislative powers.* * * *." (Emphasis supplied.)

A judicial inquiry declares and enforces liabilities as they stand under existing laws. Legislation looks to the future by making a new rule to be applied thereafter. The enactment of Zoning Ordinances and regulations is legislation. Weaver v. Bishop, 174 Okl. 492, 52 P.2d 853; McQuillan on Municipal Corporations, Vol. 8, Sec. 25.54. Such laws are enacted in the exercise of the police power. Beveridge v. Harper & Turner Oil Trust, 168 Okl. 609, 35 P.2d 435.

Re-zoning by a local legislative body is also the exercise of a legislative function. Rhyne on Municipal Law, page 822. Re-zoning is to be distinguished from the action of a Board of Adjustment in passing upon applications for variances. The latter proceedings are of a quasi judicial nature, Oklahoma City v. Harris, 191 Okl. 125, 126 P.2d 988. 19 O.S.1951 § 865.19, specifically authorizes an appeal from such decisions.

Since an appeal does not lie, under 19 O.S.1951 § 431, from legislative decisions of the Board of County Commissioners, and since the enactment of re-zoning regulations is legislation, it follows that Sec. 431 did not authorize an appeal in this case. 19 O.S.1951 § 434, provides that the appeal shall be heard and determined de novo. This means that it must be tried as if no hearing whatever had been had below and in complete disregard of same. If this were done it would mean that the district court would be called upon to decide legislatively the propriety and wisdom of the proposed law without regard to the action

taken by the County Commissioners. In Parker v. Tillman, 41 Okl. 723, 139 P. 981, it is held in the second paragraph:

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only; same being confined to the jurisdiction the board had and none other, to an inquiring, de novo, as to the very matter upon which the board was called upon to act. * * *."

In Stuart v. King, 203 Okl. 23, 217 P.2d 540, 541, we held in the 5th paragraph of the syllabus as follows:

"The function of the District Court on a trial de novo, on appeal from the Board of County Commissioners, is to determine and render such judgment as the Board should have rendered."

The majority opinion does not hold that the District Court should pass upon the wisdom or policy of the law. It contains a suggestion that the appeal should be limited to a determination of whether the re-zoning regulation is arbitrary or unreasonable, or bears no reasonable relation to the public health, safety, morals or general welfare. If the inquiry is so limited it is not an appeal and trial de novo under Secs. 431 and 434, and places an unwarranted limitation upon the extent of such an appeal. If the inquiry is limited to the questions indicated by the majority, it is not an appeal but a proceeding to test the constitutionality of a zoning or re-zoning law. Beveridge v. Harper & Turner Oil Trust, supra, Rhyne on Municipal Law, page 823.

An appeal from the action of a legislative body in passing a law is obviously not the proper method of testing the constitutionality of such law. A party should not necessarily be foreclosed from testing the constitutionality of a law by failing to appeal from the legislative body's enactment of same within twenty days from the date it is enacted. Nor should he be forced to post a bond as a condition to such right.

By the same token the party who has ostensibly benefited by the final passage of such law should not, in every case, be

halted from proceeding pursuant thereto at the mere whim of the opposing party. If the majority view is correct the law cannot become effective until the various appeals are settled.

The proper way to test the constitutionality of a zoning law which decreases restrictions on adjacent property is by the institution of an action to enjoin the enforcement of such law or enjoin one from proceeding pursuant to said law which involves the issuance of summons, etc. See Beveridge v. Harper & Turner Oil Trust, supra, 138 A.L.R. 500; 37 A.L.R.2d 1143, State ex rel. Hardy v. Superior Court of Kay County, 155 Wash. 244, 284 P. 93, Crozier v. County Commissioners of Prince George's County, 202 Md. 501, 97 A.2d 296, 37 A.L.R.2d 1137. In such case the court might refuse to issue a temporary restraining order which would enable the defendant property owner to proceed under a presumptively valid law if he so desired.

In Fletcher v. Board of County Commissioners, Okl., 285 P.2d 183, the District Court and this Court permitted an appeal from the County Commissioners' action in re-zoning property. However, it was not contended in that case that an appeal did not lie.

Even though the issues on appeal as restricted under the rule of the majority might be essentially the same as would be involved in an injunction action, I see no reason to disrupt the orderly procedure of the courts by authorizing the substitution of an appeal for an original action for injunctive relief. Who is entitled to appeal and thereby attack the constitutionality of the law? Must the appealing party have filed a protest? Must he be within 1000' of the property in question? Is it sufficient to show that his property might be adversely affected by the proposed re-zoning, or can any person appeal regardless of the location of his property with reference to the property in question. These questions would not be present if the party attacking the constitutionality of the law were relegated to his action for injunctive relief. See Starner v. Oklahoma City, 205 Okl. 170, 236 P.2d 479, for a definite rule in this regard.

In the instant case the alleged appeal was in fact filed as a petition for injunctive relief; therefore, the trial court was in error in dismissing same, even though it also purported to be an appeal. But because of the language of the majority opinion which holds that the proceeding below is governed by 19 O.S.1951, § 431 et seq., providing for appeals and a trial de novo, I must respectfully dissent to the rules of law announced therein.

I am authorized to say that WILLIAMS, V. C. J., concurs in the views herein expressed.