**J. W. GREGORY et al., Appellees,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, Oklahoma, et al., Appellant-Intervenors.**

**No. 45419.**

Supreme Court of Oklahoma.

Sept. 11, 1973.

Logan, Lowry & Castor, by J. Duke Logan, Vinita, for appellees.

T. Jack Graves, Asst. Dist. Atty., for Rogers County, Claremore, for appellant, Board of County Commissioners.

Bassmann, Gordon, Mayberry & Scarth by Bill R. Scarth, Claremore, for intervenors.

IRWIN, Justice:

The principal parties involved in this re-zoning proceedings are the Board of County Commissioners of Rogers County and J. W. Gregory, the owner of the property involved. For clarification, the appellant-intervenors will be referred to as Board of County Commissioners or Board, and appellees will be referred to as Gregory.

Gregory filed an application with the City of Claremore-Rogers County Metropolitan Area Planning Commission requesting a change in the zoning classification of a 21 acre tract of land owned by him. The Planning Commission recommended denial of the application and the matter was then referred to the Board of County Commissioners of Rogers County. That board denied the application and Gregory appealed to the district court.

Board filed a motion to dismiss Gregory's appeal to the district court on the grounds that its refusal to re-zone Gregory's property constituted an exercise of a legislative function and not a quasi-judicial function and its order was not appealable. The trial court overruled Board's motion to dismiss.

After a trial de novo, the trial court reversed the order of the Board of County Commissioners and ordered the change in the zoning classification. Board appealed.

Board contends the trial court erred in failing to sustain its motion to dismiss Gregory's appeal to that court.

In Garrett v. Watson (1959), Okl., 342 P.2d 560, we held:

"Under the provisions of 19 O.S.1951 §§ 431 and 432, parties affected adversely by the application of a re-zoning resolution or order adopted under the provisions of 19 O.S.1957 Supp. § 863.1 et seq., are authorized to appeal to the District Court from the order made by the Board of County Commissioners in re-zoning an item of privately owned property."

On assignment to the Court of Appeals, Division No. 1, that Court, in upholding Gregory's right to appeal to the district court, relied upon the rule of law above set forth. The Court of Appeals reversed the judgment of the trial court on the grounds that the trial court was in error in reversing the decision of the Board of County Commissioners.

Board, in effect, recognizes that our decision in Garrett would support Gregory's right to appeal to the district court but contends that Garrett is no longer controlling. Board points out that since Garrett was promulgated this Court specifically held in O'Rourke v. City of Tulsa (1969), Okl., 457 P.2d 782, that an enactment or an amendment of a zoning ordinance, or the refusal to do so, is a legislative function. Board argues that since its refusal to re-zone Gregory's property was a legislative function, as distinguished from a quasi-judicial function, Gregory's appeal to this district court was not authorized and the trial court erred in refusing to dismiss it.

The issue presented in O'Rourke, supra, was the proper procedure for review of zoning decisions by a municipal authority. There, after the City Commissioners of the City of Tulsa denied O'Rourke's application for re-zoning, O'Rourke filed an action in the district court seeking injunctive relief against the enforcement of the zoning ordinance. It was contended that O'Rourke had no right to injunctive relief because he had an adequate remedy at law, i. e., an appeal to the district court under the provisions of 12 O.S.1961 § 951. Sec.

951 provides that a judgment rendered, or final order made, by any tribunal, board or officer exercising *judicial functions*, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law.

In O'Rourke we said that the refusal to re-zone, being a legislative function by the City Commissioners, the appeal provided by § 951 would not be available and would not be an adequate remedy at law. In O'Rourke we held:

"The action of a municipality in enactment or amendment of a zoning ordinance, or the refusal to do so, whether it be a master plan or a specific tract, is a legislative function. City of Sand Springs v. Colliver, Okl., 434 P.2d 186, being contra, it is expressly overruled.

"A person aggrieved by the action of a municipality in passing upon an application for change of a zoning ordinance may challenge such action by filing a petition in the district court seeking injunctive relief in an equitable action against an ordinance which is unconstitutional in toto or in its particular application to the applicant."

In discussing the City of Sand Springs case, which was overruled in O'Rourke, we said that while the City of Sand Springs case did not specifically consider whether the function of the City Commission, on considering a re-zoning ordinance, was a judicial or legislative function, the wording of the opinion did refer to it as a judicial function which was contrary to our prior holdings.

A comparison of the O'Rourke case and the Garrett case discloses that O'Rourke involved the refusal of a municipality to re-zone and Garrett involved a re-zoning order issued by the Board of County Commissioners. In Garrett, the majority of the court found it unnecessary to analyze the cases supporting the rule that actions of the Board of County Commissioners in re-zoning proceedings were legislative and there was no appeal therefrom, but relied upon Fletcher v. Board of County Commis-

sioners, Oklahoma County, Okl., 285 P.2d 183; Robberson v. Board of County Commissioners of Oklahoma County, Okl., 302 P.2d 784, and 19 O.S.1951 § 431, to sustain the holding that an appeal did lie to the district court.

We find it necessary and appropriate at this time to re-examine our decision in Garrett.

In Fletcher, supra, and cited with approval in Garrett, the district court and this Court permitted an appeal from the Board of County Commissioners' action in a re-zoning proceeding. However, it was not contended in Fletcher that an appeal did not lie in the district court from the order of the County Commissioners. Fletcher was cited with approval in Robberson, supra, but only for the proposition that the favorable vote of only a majority of the members of the Board of County Commissioners is sufficient for the effective passage of a resolution amending county zoning regulations. Also, the Robberson case involved an action to *enjoin* the enforcement of a re-zoning resolution of the Board of County Commissioners on the ground that it was not properly adopted and did not involve *an appeal* from the action of the Board of County Commissioners concerning zoning regulations.

In Garrett the court also relied upon 19 O.S.1971 § 431, which provides that from all decisions of the Board of County Commissioners, upon matters properly before them, there shall be allowed an appeal to the district court. In Groenewold v. Board of County Com'rs of Kingfisher County, 195 Okl. 526, 159 P.2d 258, we said that we have consistently construed § 431, supra, to authorize appeals only from decisions of a judicial nature and that decisions of an administrative, legislative or political nature are not appealable on the theory that under the Constitution, the courts can not exercise purely administrative or legislative powers.

In Chandler Materials Co. v. Board of County Com'rs of Tulsa County, 208 Okl. 189, 254 P.2d 767, we held that where the decision of the Board of County Commissioners involves an exercise of a quasi-judicial duty, an appeal lies to the district court and upon a trial de novo, the court should determine and render such judgment as the Board of County Commissioners should have rendered. We also held that as a general rule the functions and decisions of the Board of County Commissioners involving the determination of an administrative, legislative or political nature are not appealable.

The dissenting opinion filed in the Garrett case contains the following:

"* * * The enactment of Zoning Ordinances and regulations is legislation. Weaver v. Bishop, 174 Okl. 492, 52 P.2d 853; * * *. Such laws are enacted in the exercise of the police power. Beveridge v. Harper & Turner Oil Trust, 168 Okl. 609, 35 P.2d 435.

"Re-zoning by a local legislative body is also the exercise of a legislative function. * * *.

"Since an appeal does not lie, under 19 O.S.1951 § 431, from legislative decisions of the Board of County Commissioners, and since the enactment of re-zoning regulations is legislation, it follows that Sec. 431, did not authorize an appeal in this case. * * *."

■ We now approve the above language and hold that the action of a Board of County Commissioners in the enactment or amendment of a zoning regulation, or its refusal to grant relief against a zoning regulation, is a legislative function as distinguished from a quasi-judicial function; and 19 O.S.1971 § 431, does not authorize an appeal to the district court from actions involving the exercise of a legislative function by a board of county commissioners. The case of Garrett v. Watson, Okl., 342 P.2d 560, being in conflict with this holding, is specifically overruled.

■ This does not mean, however, that a person prejudicially affected by an order of a board of county commissioners, changing or denying a change in a zoning regulation, is not entitled to seek judicial

relief from such order. In this connection see Voight v. Saunders, 206 Okl. 318, 243 P.2d 654, involving a mandamus action to require the issuance of a building permit; Oklahoma City v. Barclay, Okl., 359 P.2d 237, involving an action for injunctive relief on the grounds that an amendatory zoning ordinance was void; City of Tulsa v. Swanson, Okl., 366 P.2d 629, involving an action to permanently enjoin the City of Tulsa from prohibiting a commercial use of property which was then zoned for simple family residential purposes; and the O'Rourke case, supra.

Since no appeal from the order of the Board of County Commissioners was authorized, when acting in a legislative capacity, the trial court erred in refusing to dismiss Gregory's appeal.

Certiorari granted; Decision of the Court of Appeals modified; and Judgment of the trial court reversed with directions to dismiss Gregory's appeal.

All the Justices concur.