## GRANT v. CREED *et al.*

No. 4149.   Opinion Filed December 3, 1912.

(128 Pac. 511.)

TIME—Sundays—Exclusion—Appeal.   The judgment sought to be reviewed was rendered on December 30, 1911; the motion for new trial being filed and overruled on the same day.   The proceeding in error was commenced on July 1, 1912.   The 30th day of June, 1912, fell on Sunday.   The six months in which a proceeding for reviewing said judgment may be commenced in this court expired on that day, which must be excluded.   The proceeding being commenced on July 1, 1912, was within time.

(Syllabus by the Court.)

*Error from District Court, Osage County;*
*R. H. Hudson, Judge.*

Action between Charles Grant and Martin L. Creed and others.   From the judgment, Grant brings error.   Motion to dismiss overruled.

*S. H. King,* for plaintiff in error.

*A. S. Sands* and *Burwell, Crockett & Johnson,* for defendants in error.

WILLIAMS, J. The judgment sought to be reviewed in this proceeding was rendered in the court below on December 30, 1911. The motion for a new trial was also filed and overruled on the same day.

It was essential, in order to have said judgment reviewed in this court, that the proceeding should be commenced here within six months from the date of the final order or the rendition of the judgment. *Holcombe v. Lawyers' Co-Op. Pub. Co., post.*

"The time within which an act is to be done shall be be computed by excluding the first day, and including the last; if the last day be Sunday it shall be excluded." (Section 6258, Comp. Laws 1909; section 4629, St. Okla. 1893.)

See, also, *Boynton Land, Mining & Inv. Co. v. Runyan,* 29 Okla. 306, 116 Pac. 809; *Southern Pine Lumber Co. et al. v. Ward et al.,* 16 Okla. 131, 85 Pac. 459; *County of Smith v. Labore,* 37 Kan. 480, 15 Pac. 577.

In *County of Smith v. Labore, supra,* it is said:

"Now if we exclude the first day in the present case, to wit, April 28, 1885, which was the day on which the judgment was rendered, then the year within which the case is to be brought to this court would commence on April 29, 1885, and it would not end until the last moment of April 28, 1886; hence, under the Civil Code, it is clear that this case was brought to this court within proper time."

This case is controlling on this court. If we exclude December 30th, the date on which the judgment was rendered, the six months within which the case is to be brought by proceeding in error to this court would commence on December 31, 1911, and the six months expire with the last day of June, 1912, but the 30th day of June, 1912, was Sunday, which is to be excluded. This proceeding in error having been commenced on July 1, 1912, was in time.

The motion to dismiss is therefore overruled.

All the Justices concur.