## O. K. CONSTRUCTION CO. et al. v. BURWELL et al.

### No. 28638.   May 16, 1939.

Rolland O. Wilson and Jarman, Brown, Looney & Watts, for petitioners.

Melville F. Boddie and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J.   On the 30th day of April, 1938, the State Industrial Commission entered an award in favor of respondent J. A. Burwell against petitioners, the O. K. Construction Company and the State Insurance Fund. On the 31st day of May, 1938, the O. K. Construction Company and the State. Insurance Fund filed a petition in the Supreme Court seeking to review the award. The State Industrial Commission is named as a respondent. A motion to dismiss has been filed by respondents, alleging, first, that the proceeding was not filed within the 30 days provided by section 13363, O. S. 1931 (85 Okla. Stat. Ann. sec. 29) ; and, second, that no bond has been provided either by the employer, O. K. Construction Company, or the State Insurance Fund.

We hold that the question first raised is amply covered by the rule announced by this court in Grant v. Creed, 35 Okla. 190, 128 P. 511. Therein we held:

"The judgment sought to be reviewed was rendered on December 30, 1911; the motion for new trial being filed and overruled on the same day. The proceeding in error was commenced on July 1, 1912. The 30th day of June, 1912, fell on Sunday. The six months in which a proceeding for reviewing said judgment may be commenced in this court expired on that day, which must be excluded. The proceeding being commenced on July 1, 1912, was within time."

The enactment relating to the commencement of proceeding provides the act shall be done "within" 30 days, just as the statute provides for appeal within six months. Such holding tends to make uniform the rule as to commencement of proceedings in the ˙Supreme Court and thus eliminates confusing, if not conflicting, rules. The 30th

day of May was a legal holiday. Section 46, O. S. 1931 (25 Okla. Stat. Ann. sec. 72). The proceeding was filed in time. Section 22, O. S. 1931 (12 Okla. Stat. Ann. sec. 73); section 13363, O. S. 1931 (85 Okla. Stat. Ann. sec. 29).

Petitioners urge that the State Insurance Fund is not required to file an appeal bond, since it is a department of the state of Oklahoma. Section 514, O. S. 1931 (12 Okla. Stat. Ann. sec. 66), provides:

"Whenever an action is filed in any of the courts in the state of Oklahoma by the state of Oklahoma, or by direction of any department of the state of Oklahoma, no bond, including cost, replevin, attachment, garnishment, redelivery, injunction bonds, appeal bonds or other obligations of security shall be required from the state of Oklahoma or from any party acting under the direction aforesaid, either to prosecute said suit, answer or appeal same. In case of an adverse decision, such costs as by law are taxable against the state of Oklahoma, or against the party acting by its direction, as aforesaid, shall be paid out of the contingent fund of the department under whose direction the proceedings were instituted."

Under this section the only question presented is whether or not the State Insurance Fund is "a department of the State of Oklahoma." The fund was created by chapter 28, S. L. 1933. Section 1 of the act provides that the same shall be a supplement to chapter 72, O. S. 1931, which is the chapter containing the Workmen's Compensation Law. The act was substantially amended by article 3, chapter 72, S L. 1936-37. The 1933 act appropriated $25,000 for the purpose of paying awards, but provided for the repayment of said appropriation to the general revenue fund. The 1933 act provided for the administration of the fund by the State Industrial Commission and provided that the State Insurance Board should have power and authority to determine the rates to be charged by the fund for compensation insurance. The 1937 act provided for the administration of the fund by a board of managers, including the Governor, Chairman of the Industrial Commission, Secretary of the State Insurance Board, the Insurance Commissioner, and the Secretary of the State Highway Commission. It further provided that the board of managers should have full power and authority to fix the rates to be charged by the fund for insurance.

Sections 4, 5, and 6 of the 1937 act fix the powers and duties of the Insurance Fund. Such powers are to enter into contracts of insurance, insuring employers against liability for compensation; to sue and be sued in all of the courts of the state in all actions arising out of the administration of the affairs of the fund; invest and reinvest all monies belonging to the fund; conduct all business and affairs of the fund.

Section 7 of the 1937 act provides that the State Treasurer shall be the custodian of all monies and securities belonging to the fund and that all monies shall be paid out by him upon vouchers signed by the State Insurance Fund Commissioner.

It is noted that none of the state officers constituting the board of managers or the State Treasurer are granted extra compensation for the duties provided by the act involved herein. Section 11 of the 1937 act provides that the entire expense of administering the fund shall be paid out of the fund, and further provides for the submission of budgets to the Governor and board of managers to be approved by them on the first days of January and July of each year, as estimated budgets of expenses for each succeeding six months; that in no event shall the entire expense of administration exceed 20 per cent. of the earned premiums of said year. Section 17 of the 1937 act provides:

"The state and all departments thereof must insure against their liability for compensation with the State Insurance Fund and every municipal corporation within the state, including counties, cities, towns and townships may each insure against their liability for compensation with the State Insurance Fund, and may not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, but any county, city, town or township may carry its own insurance; provided, such municipality shall have made an appropriation of funds to take care of such claims."

Other provisions of the 1937 act are that said fund shall be fairly competitive with other insurance carriers; that it is the intent of the Legislature that said fund shall become nothing more nor less than self-supporting, and that in no event shall the state be liable beyond the amount of the fund.

It is observed that no legislative, judicial, or governmental functions are authorized by the terms of the act, but the powers granted are administrative in character and may be terminated at any time at the will of the Legislature. The powers and duties are exercised by elected and appointed state officers who perform said functions without added compensation. We are not here deal-

ing with an independent corporate entity or a governmental agency created by law and vested with a measure of governmental power, but a mere department created for a fixed and limited purpose, over which the state, through its Legislature and its officials, retains absolute domination and control. The State Insurance Fund, therefore, is a department of the state of Oklahoma within the meaning of that term as used in section 514, supra, and is not required to give an appeal bond.

The motion to dismiss is overruled.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.