L. M. NICHOLS, Plaintiff in Error,

v.

The BRISTOW PUBLISHING CO., Inc., a corporation, and I. L. Cook, Defendants in Error.

No. 37591.

Supreme Court of Oklahoma.

Dec. 24, 1957.

Rehearing Denied April 29, 1958.

Application for Leave to File Second Petition for Rehearing Denied July 2, 1958.

Edgar Maggi, Bristow, George H. Jennings, Sapulpa, for plaintiff in error.

Rowe Cook, Oklahoma City, for defendants in error.

JACKSON, Justice.

This is an action to recover damages for the publication of an allegedly libelous article published in The Bristow Record which is owned and operated by defendant, The Bristow Publishing Co., Inc. Defendant, I. L. Cook, is the Managing Editor of The Bristow Record. The article was composed by I. L. Cook and published in said newspaper on the 15th day of June, 1954. Between 1400 and 1500 copies of said newspaper were printed and circulated on said date. The article which appeared on the front page is as follows:

"Nichols Drops $5,000 On Deal

"The sale of the old First National building at the corner of Seventh and Main to Bob Blackstock by L. M. Nichols has been announced. The sale price is reported as $12,500.

"Nichols bought the building in a rundown condition in 1948 for $15,000 and spent approximately $2,500 reroofing and repairing it.

"Nichols used the building for the purpose of attempting to destroy the value of the Record-Citizen publishing plant after he had sold that plant and collected the money from the sale.

"However, he later discovered that there was a large percentage of business firms in the city that did not enjoy doing business with organizations that openly operate with shady ethics. In recent years his publishing activities have been maintained on a sneak basis."

Plaintiff's evidence failed to establish any special damages, whereupon the trial court sustained defendants' demurrers to the evidence.

Plaintiff concedes that having failed to prove special damages he cannot recover unless the article is libelous per se.

Did the trial court properly rule that said article was not libelous per se?

■ The question of whether an article is libelous per se is a question of law for the court. McKenney v. Carpenter, 42 Okl. 410, 141 P. 779.

Libel is defined by 12 O.S.1951 § 1441. "Per se" means by itself, and without innuendo. Tulsa Tribune Co. v. Kight, 174 Okl. 359, 50 P.2d 350. Thus, our sole inquiry is whether the article, taken alone and without reference to other matters, is libelous according to the statutory definition.

Our Statute 12 O.S.1951 § 1441, defines libel in part, as follows:

"* * * false or malicious unprivileged publication by writing, printing, * * * which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation * * *."

In the first paragraph of the syllabus in Dusabek v. Martz, 121 Okl. 241, 249 P. 145, 49 A.L.R. 253, it is held:

"Language used in a newspaper article which, when given its ordinary, natural, and obvious meaning exposes the person concerning whom it is used to public hatred, contempt, ridicule, or obloquy, or which tends to deprive him of public confidence or to injure him in his occupation, is 'libelous per se' and actionable."

■ It is our opinion that an article accusing one of operating his business with "shady ethics", and on a "sneak basis" tends to deprive that person of public confidence, and tends to injure him in his occupation.

Defendants cite and rely on Jones v. Hill, 193 Okl. 653, 146 P.2d 294. The trial

court quoted from this case in announcing its judgment. The cited case is distinguishable from the case now before us in that it involved an action for slander rather than libel. The holding of that case goes no further than to determine that the language used was not within the definition of slander as defined in 12 O.S. 1951 § 1442; whereas we are here concerned with libel as defined in § 1441.

In our opinion the trial court erred in sustaining defendants' demurrers to plaintiff's evidence.

Defendants incorporate in their answer brief a motion to dismiss this appeal. They argue that owing to the manner in which this case was tried, the time in which plaintiff could perfect his appeal commmenced to run on the date of the judgment sustaining their demurrers rather than the date of the order overruling plaintiff's motion for new trial.

▇▇▇▇ The judgment sustaining the demurrers was entered May 1, 1956. The appeal was lodged in this court on November 1, 1956. Defendants contend that the maximum period of six months expired Oct. 31, 1956.

Even under defendants' view plaintiff had until November 1, 1956, in which to perfect his appeal. In computing the six months period the first day is excluded; therefore, the last day in which to perfect the appeal would be six months from May 2, 1956; that is, November 1, 1956. 12 O.S.1951 § 73; Grant v. Creed, 35 Okl. 190, 128 P. 511.

The judgment appealed from is reversed, with directions to the trial court to vacate same and grant a new trial.

WELCH, C. J., and HALLEY, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, V. C. J., and CARLILE, DAVISON and JOHNSON, JJ., dissent.

HALLEY, Justice.

I concur specially in this case for the reason that I consider there was only one statement made in the article under consideration which was libelous per se and that is this sentence:

"In recent years his publishing activities have been maintained on a sneak basis."