State Group Insurance — Turnpike Employees — Included The State Employees Group Health Act, 74 O.S. 1301 [74-1301] — 74 O.S. 1314 [74-1314] (1968), applies to the Oklahoma Turnpike Authority. The Attorney General has had under consideration your letter of April 29, 1968, in which you ask, ". . . whether Senate Bill No. 21, being an act related to uniform accident and health insurance and/or benefit coverage on employees and officers of the State of Oklahoma, applies to the Oklahoma Turnpike Authority." Senate Bill No. 21, O.S.L. 1967, Ch. 374, which has been codified as 74 O.S. 1302 [74-1302] — 74 O.S. 1314 [74-1314] (1967), is the State Employees Group Health Act. 74 O.S.Supp. 1967 Section 1302[74-1302] [74-1302], provides in part: "It is hereby declared that the purpose of this Act is: "(a) To provide uniformity in Accident and Health Insurance and/or Benefits Coverage on all employees of the State of Oklahoma;" 74 O.S. 1303 [74-1303] (1967), provides in relevant part: "For the purposes of and as used in this Act: (b) `Employee' means and includes each officer or employee in the service of the State of Oklahoma who, after January 1, 1966, received his compensation for service rendered to the State of Oklahoma on a warrant issued pursuant to a payroll certified by a department or by an elected or duly appointed officer of the state or who receives payment for the performance of personal services on a warrant issued pursuant to a payroll certified by a Department and drawn by the State Auditor upon the State Treasurer against appropriations made by the Legislature from any state fund or against trust funds held by the State Treasurer, who is employed in a position normally requiring actual performance of duty during not less than 1,000 hours per year, and whose employment is not seasonal or temporary, except that a person elected by a popular vote will be considered an employee during his tenure in office." 74 O.S. 1314 [74-1314] (1967), provides: "The provisions of this Act shall not apply to the employees and officers of the Oklahoma Employment Security Commission nor to The Oklahoma State System of Higher Education, provided, however, that said Commission and any institution of Higher Education may elect to come under the provisions of this Act." It could be inferred from Section 74 O.S. 1302 [74-1302] and Section 74 O.S. 1314 [74-1314], supra, that this Act was intended to cover all employees of the State and its agencies except those specifically excluded. The Oklahoma Turnpike Authority is not expressly excluded in Section 1314. We are informed that the employees of the Oklahoma Turnpike Authority are not paid on a state warrant drawn by the State Auditor upon the State Treasurer. Rather, the employees of the Authority are paid pursuant to a payroll certified by that department upon an account in the name of the Oklahoma Turnpike Authority Trust Fund in the First National Bank of Oklahoma City, Oklahoma. It will be noted that Section 74 O.S. 1303 [74-1303], supra, provides essentially that: "`Employee' means . . . each officer or employee . . . who . . . . received his compensation on a warrant issued pursuant to a payroll certified by a department . . . of the State or who receives payment . . . on a warrant issued pursuant to a payroll certified by a Department and drawn by the State Auditor upon the State Treasurer . . . ." (Emphasis added) The word "or" indicates an alternative. Thus, examination of Section 1303 reveals that to be an employee under the Act an employee need not necessarily be paid on a state warrant upon the State Treasurer if the employee is paid on a warrant issued pursuant to a payroll certified by a department of the State. In the general use of the term, a "warrant" means an ordinary check or written order issued to someone having the possession and control of funds, directing the payment of a specified amount to the named party. Missouri Gravel Co. v. Federal Surety Co., 212 Iowa 1322,237 N.W. 635. As to whether the Authority is a department of the State, it has been held that generally the word "department" connotes a branch or division of governmental administration. Glendinning v. Curry, 153 Fla. 398,14 So.2d 794. "Department" is one of the separate divisions or branches of state or municipal administration. In re McLaughlin, 124 Misc. 766, 210 N.Y.S. 68. In Batcheller v. Commonwealth, 176 Va. 109, 10 S.E.2d 529, it was held that the University of Virginia was a "department of government" of Virginia. In O.K Construction Co. v. Burwell, 185 Okl. 444, 93 P.2d 1092, the Oklahoma Supreme Court held that the State Insurance Fund did not have to file an appeal bond since it was a department of State government. In its opinion the court stated: "It is observed that no legislative, judicial, or governmental functions are authorized by the terms of the act creating the State Insurance Fund, but the powers granted are administrative in character and may be terminated at any time at the will of the Legislature. The powers and duties are exercised by elected and appointed state officers who perform said functions without added compensation. We are not here dealing with an independent corporate entity or a governmental agency created by law and vested with a measure of governmental power, but a mere department created for a fixed and limited purpose, over which the state, through its Legislature and its officials, retains absolute domination and control." The Oklahoma Turnpike Authority is established in 69 O.S. 653 [69-653](a) (1961), which provides in part: "The Authority is hereby constituted an instrumentality of the State, and the exercise by the Authority of the powers conferred by the Act in the construction, operation, and maintenance of turnpike projects shall be deemed and held to be an essential governmental function of the State with all the attributes thereof." 69 O.S. 653 [69-653](b) (1961), provides that the members of the Authority, who serve without compensation, shall be appointed by the Governor with the consent of the Senate and that they are subject to removal without cause. Section 69 O.S. 653 [69-653](b) also provides that the members of the Authority shall take the oath of office set out in the Oklahoma Constitution, Article XV, Section 1 . In Application of Oklahoma Turnpike Authority, 203 Okl. 335,221 P.2d 795, the Oklahoma Supreme Court held: "The Authority is obviously a species of state instrumentality, with the power granted and limited by the act. Certainly numerous acts or things which the Authority may do within its statutory power could also be done by the state within its sovereign power." In Application of Oklahoma Turnpike Authority, Okl., 348 P.2d 510, the Oklahoma Supreme Court in the eleventh paragraph of its syllabus held: "The Legislature in its discretion may properly designate the Oklahoma Turnpike Authority an instrumentality of the State and make the exercise of its powers in the construction, operation and maintenance of Turnpike Projects an essential governmental function of the State with all the attributes thereof." In Attorney General Opinion No. 63-456, it was held that the employees of the Authority were employees of the State for the purposes of the Oklahoma Public Employees Retirement System. It was held in People of State of Illinois v. Maryland Casualty Co., 132 F.2d 850 (7th Cir. 1942), that officers of the state departments of health and welfare in the performance of their duties exercised a "governmental function" and as such were "instrumentalities" of "agents" through which the state discharges its duties to its citizens. Ciulla v. State, 191 Misc. 528, 77 N.Y.S.2d 545, held that the words "agency" and "instrumentality" with respect to a state contemplate an authority to which the state delegates governmental power for performance of a state function. Accordingly, in the absence of a more limited statutory definition of "department" it would appear that the Oklahoma Turnpike Authority as an instrumentality of the State exercising an essential governmental function is a department of the State government for the purposes of the State Employees Group Health Act. Since the employees of the Authority are compensated for their services on a warrant or check pursuant to a payroll certified by a department of the State as provided in Section 1303, and since the Oklahoma Turnpike Authority is not excluded from the provisions of the Act in Section 1314, we conclude that the Authority is within the coverage of State Employees Group Health Act. Therefore, it is the opinion of the Attorney General that the State Employees Group Health Act, 74 O.S. 1301 [74-1301] — 74 O.S. 1314 [74-1314] (1967), applies to the Oklahoma Turnpike Authority. (Penn Lerblance) ** SEE: OPINION NO. 68-206 (1968) **