**Le Roy CARTER, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**STATE INSURANCE FUND, Special Indemnity Fund, David Atkinson, Douglas Fox, Clark James, Ross Johnson, Jack Mildren, Ed Phillips, Gene Rainbolt, Tom Volturo and Jack White, individually and in their official capacities as members of the Board of Managers of Oklahoma's State Insurance Fund, Defendants.**

No. CIV–94–1532–A.

United States District Court, W.D. Oklahoma.

Feb. 21, 1995.

from Mrs. Buchanan is simply not applicable in this case as Mrs. Buchanan is still living.

Paul A. Lacy, Oklahoma City, OK, for Le Roy Carter.

Thomas E. Prince, Thomas L. Spencer, Lee Slater, York & Slater, Oklahoma City, OK, for State Ins. Fund.

### *ORDER*

ALLEY, District Judge.

This matter comes before the Court on the Motion to Dismiss, filed by defendant, the State Insurance Fund ("the Fund"), pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff did not respond in opposition to the motion. Although the motion is deemed confessed pursuant to Local Court Rule 14(A), the Court shall render a decision on the merits. For the reasons stated herein, the Court GRANTS defendant's motion.[1]

Plaintiff filed this action alleging that defendant, the State Insurance Fund, relied on unjustifiable or arbitrary standards in administering permanent partial disability compensation claims. Disability compensation claims are paid from the Special Indemnity Fund. Plaintiff, a claimant of funds from the Special Indemnity Fund, seeks a declaratory judgment regarding the administration of the fund, as well as monetary damages under 42 U.S.C. § 1983. Defendant asserts that plaintiff's claims against it must be dismissed. Defendant presents four arguments in support of dismissal. Because the Court finds that plaintiff's claims against the Fund are barred by the Eleventh Amendment, the Court shall not discuss defendant's other arguments.

A motion to dismiss under Rule 12(b)(6) must overcome a strong presumption in favor of the plaintiff. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). The

---

1. Defendant alternatively sought summary judgment and filed affidavits in support of its position. The Court shall confine its review of the matter to the pleadings and will not consider defendant's Fed.R.Civ.P. 56(c) evidence.

Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id. See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint must be construed in the light most favorable to the plaintiff and all factual allegations in the complaint must be presumed to be true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Meade*, 841 F.2d at 1526.

■ "The Eleventh Amendment by its terms prohibits suits in federal court against a state by citizens of another state. It long has been interpreted to preclude suits in federal court against a state by citizens of that state as well." *Wallace v. Oklahoma*, 721 F.2d 301, 303 (10th Cir.1983) (footnote and citations omitted). The Eleventh Amendment bars actions against a state in federal court, when the state has not waived its immunity. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472–73, 107 S.Ct. 2941, 2945–46, 97 L.Ed.2d 389 (1987) (plurality opinion). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Although Mr. Carter has not filed suit against the "State of Oklahoma," defendant asserts that it is a branch of the state and therefore afforded the same Eleventh Amendment immunity.

■ "The Eleventh Amendment bars federal jurisdiction over not only the state but also state agencies and departments." *Meade v. Grubbs*, 841 F.2d 1512, 1523 (10th Cir.1988). The focus of the Court's inquiry is whether the Fund is "to be treated as an arm of the state partaking of the State's Eleventh Amendment Immunity, or is instead to be treated as ... [a] political subdivision to which the Eleventh Amendment does not extend." *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). To determine whether the agency is an arm or instrumentality of the state, the Court must consider a number of factors, including: the extent of legislative control over the agency; whether the function the agency performs is usually performed by state governments or local; and whether the agency is financed through the state treasury or independently. *Colorado Interstate Gas Co. v. Oklahoma* 760 F.Supp. 1466, 1472 (W.D.Okla.1991) (citations omitted).

■ The Court finds that the Fund is an arm of the State and therefore this Court lacks jurisdiction over the defendant. In terms of legislative control, the Fund was created by statute in 1933 to receive premiums and pay out losses on workmen's compensation claims. The "powers granted [to the Fund] are administrative in character and may be terminated at any time at the will of the legislature." *O.K. Constr. Co. v. Burwell*, 185 Okla. 444, 93 P.2d 1092, 1094 (1939).

In 1943, the Special Indemnity Fund was created to encourage the employment of disabled persons by relieving employers' insurance burdens. The State Insurance Fund administers the Special Indemnity Fund. Okla.Stat. tit. 85 § 175. Funds allocated for payment by the Special Indemnity Fund are distributed by the State Treasurer, the statutory guardian of the money. The fund is administered according to statute and the legislature can alter or disband the Fund at will.

Furthermore, workmen's compensation and disability insurance programs are usually administered at the state level, not at the local level. The state has taken an interest in ensuring employment opportunities for disabled citizens. The state has attempted to fulfill its objective by creating and maintaining the Special Indemnity Fund, as administered by defendant.

Finally, although the money paid to the Special Indemnity Fund is collected from judgments paid in worker's compensation claims, the State Treasurer is custodian of the money. The money is accumulated through the taxation of employers and disability claimant's awards. The amount paid by each is set by statute. Okla.Stat. tit. 85 § 173. The expenses for the administering the fund are fixed by the Board of Managers, consisting of those persons listed in Okla. Stat. tit. 85 § 131a. Okla.Stat. tit. 85 § 175.

Taken together, the above factors lead to one conclusion, that the State Insurance Fund is an instrumentality of the state of Oklahoma and cloaked with Eleventh Amendment immunity. Because the state has not waived its Eleventh Amendment Immunity, the Court cannot exercise jurisdiction over the Fund. Accordingly, the Motion to Dismiss of defendant, the State Insurance Fund, is GRANTED.

It is so ordered.