AMERICAN EXCHANGE NATIONAL BANK v. B. R. LACY, TREASURER, AND D. B. STAFFORD, SHERIFF OF GUILFORD COUNTY.

(Filed 21 June, 1924.)

1. **Constitutional Law—Statutes, Unconstitutional in Part—Interpretation—Taxation—Automobiles—Sales—Trades—Privilege Tax.**

Where a tax statute offends against the commerce clause in the Federal Constitution in discriminating against nonresident manufacturers and dealers in automobiles, according to investment of capital stock in this State, and it clearly appears that the statute is severable as to its constitutional and valid parts, the latter will be upheld, especially when the statute itself so declares, and it appears that the intent of the Legislature was not to render the entire provisions of the statute unconstitutional on that account.

2. **Same—Banks and Banking—Contracts—Vendor and Purchaser—Conditional Sales—Collateral Security—Trusts—Principal and Agent.**

Where a dealer in automobiles has sold to the bank, to which he was indebted, his automobiles on hand, for the purpose of securing the debt, under further provisions that he was to sell and collect and hold the proceeds in trust for the purpose stated, and has thereafter left the State, and the bank has assumed to continue the sales and make collection therefor, the bank may not avoid payment of the tax upon the ground that it was not a dealer, etc., in contemplation of the statute, and thus evade the practical efficiency of the statute and reduce it to a nullity.

APPEAL by defendants from a judgment of *Shaw, J.*, continuing to the hearing a temporary order restraining the collection of a license or privilege tax for the sale of automobiles.

The facts appear in the judgment, which is as follows:

This cause coming on to be heard, upon notice to the defendants to show cause why the preliminary restraining order heretofore granted in said cause should not be continued in full force until final judgment and decree in this suit, and it being admitted by counsel for the plaintiff and defendants that the pertinent facts are as follows:

The plaintiff is a corporation, engaged in the banking business in Greensboro, and prior to 31 December, 1920, in the course of its busi-

ness, loaned to J. M. Waynick, who was a dealer in Jackson auto-mobiles and trucks, large sums of money, and on the said 31 December, 1920, said Waynick was indebted to the plaintiff in the sum of $25,246.05, and on said day, as collateral security for said debt, executed a bill of sale to said plaintiff, in words and figures as follows:

                                           31 December, 1920.
NORTH CAROLINA—Guilford County.

This bill of sale, made this 31 December, 1920, by and between Mr. J. M. Waynick, of Greensboro, N. C., party of the first part, and the American Exchange National Bank, party of the second part, wit-nesseth:

That in consideration of $1.00 and other good and valuable considera-tion paid by the party of the second part to the party of the first part, the receipt of which is hereby acknowledged, the said party of the first part does hereby sell and assign to the said party of the second part, the following automobiles: 1 Model 638 Semi-sport, No. 25910; 1 Model 638 Semi-sport, No. 24916; 1 Model 638 Touring, No. 25392; 1 Model 638 Touring, No. 25905; 1 Model 638 Touring, No. 25712; 1 Model 638 Touring, No. 25417; 1 Model 638 Touring, No. 25638; 1 Model 638 Sport Model, No. 25380; 1 Model 638 Sport Model, No. 25809; 1 Model D Truck, 215; and with standard equipment.

I agree to sell and collect for the said cars above described in trust for the said bank, and to account to the bank, and settle in full for each car immediately upon sale.

                          J. M. WAYNICK MOTOR COMPANY.
                                    By J. M. WAYNICK.

During the fiscal year 1921-'22 J. M. Waynick abandoned his busi-ness, and the plaintiff took possession of said automobiles and trucks, and sold all of said automobiles during the fiscal year 1921-'22 and applied the proceeds of said sales to the payment of Waynick's debt to it; that it offered for sale the Jackson truck during the fiscal years 1921-'22, 1922-'23, and 1923-'24, and is still offering same for sale. The plaintiff has paid no license or privilege tax for selling said auto-mobiles during any of the fiscal years aforesaid. On 1 October, 1923, defendants B. R. Lacy, Treasurer, and R. A. Doughton, Commissioner of Revenue, caused the other defendant, D. B. Stafford, sheriff of Guil-ford County, to levy upon said truck for the privilege and license tax of $500.00 and $250.00 for each of said fiscal years, and to advertise the same, to satisfy said tax, penalty and costs.

And the court being of the opinion that the plaintiff is not liable to the State of North Carolina for a license or privilege tax for the sale

of automobiles, it is ordered, adjudged and decreed that the restraining order heretofore granted in this action be and it is hereby continued in full force until final judgment and decree in this action.

T. J. SHAW, *Judge Presiding.*

Defendants excepted and appealed.

*Hoyle & Harrison for plaintiff.*

*Attorney-General Manning and Assistant Attorney-General Nash for defendants.*

ADAMS, J. In 1920, J. M. Waynick was engaged in selling automobiles, and on 31 December executed and delivered to the plaintiff the written instrument described in the judgment as a bill of sale. There is no pretension that he paid the license tax prescribed by law, and it is found as a fact that the plaintiff paid no such tax during either of the fiscal years set out in the record. In 1921 or 1922 Waynick abandoned his business, and the plaintiff took possession of and sold all the automobiles, and now has the truck, which he has repeatedly offered for sale. The only question for decision is whether the plaintiff is liable for the license tax.

At the session of 1919 the General Assembly enacted a statute providing that every person, firm, or corporation engaged in selling automobiles or automobile trucks in this State, the manufacturer of which has not paid the license tax imposed by law, before selling or offering for sale any such machine, shall pay to the State Treasurer a tax of $500, and shall procure a license for such business annually in advance on or before 31 May or before engaging in the business for which the tax is levied, and shall keep it posted in a conspicuous place where the business is carried on. Public Laws 1919, ch. 90, secs. 72, 85, 87; Public Laws, 1920, Ex. Ses., ch. 65; C. S., 7851. The substance of these provisions is continued in the Revenue Act of 1921 and of 1923 (Public Laws 1921, ch. 34, secs. 72, 85, 87; Public Laws, 1923, ch. 4, secs. 78, 92, 94), the tax under the act of 1923 being payable to the State Commissioner of Revenue. The record presents no controversy, however, either as to the parties to the action or as to the amount of the taxes claimed to be due and unpaid.

The plaintiff contests its liability for the tax on several grounds.

1. It is contended that the statute imposing the tax is inoperative on the ground that it unlawfully discriminates against nonresident manufacturers and unlawfully interferes with interstate commerce. Considering the bases of these contentions—the first, that the corporations are discriminated against and the second that their products are—the Supreme Court of the United States construed the statute as discriminat-

ing against nonresident manufacturers doing business in the State by reducing the tax from $500 to $100 if the manufacturer of automobiles has three-fourths of his entire assets invested in the bonds of the State or any of its counties, cities, or towns, or in other property situated therein and returned for taxation, and as discriminating in favor of the product of resident manufacturers by attempting to regulate interstate commerce. *Bethlehem Motors Corporation v. Flynt,* 256 U. S., 421, 65 Law Ed. 1029.

The plaintiff contends that by reason of its discriminative provision the statute is void. This is not our understanding of the decision. We do not think it goes so far. The invalidity of one part of a statute does not nullify the remainder when the parts are separable and the invalid part was not the consideration or inducement for the Legislature to enact the part that is valid. In *Connolly v. Union Sewer Pipe Co.,* 184 U. S., 540; 46 L. Ed., 679, 692, *Mr. Justice Harlan* said: "If different sections of a statute are independent of each other, that which is unconstitutional may be disregarded, and the valid sections may stand and be enforced. But if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the Legislature, then the entire statute must be held inoperative." In the first of the Employers' Liability Cases, 207 U. S., 463, 52 Law Ed., 297, 310, *Chief Justice White* expressed the same principle in these words: "Equally clear is it, generally speaking, that where a statute contains provisions which are constitutional and others which are not, effect may be given to the legal provisions by separating them from the illegal. But this applies only to a case where the provisions are separable, and not dependent one upon the other, and does not support the contention that that which is indivisible may be divided. Moreover, even in a case where legal provisions may be severed from those which are illegal, in order to save, the rule applies only where it is plain that Congress would have enacted the legislation with the unconstitutional provisions eliminated. All these principles are so clearly settled as not to be open to controversy."

That part of the statute which offends the 14th Amendment if the nonresident corporations are doing business in the State or attempts to regulate interstate commerce if they are not is a proviso which is severable from the other provisions; and we have legislative declaration that the statute would have been enacted with the obnoxious section eliminated. The statute in question and the following section are a part of the Revenue Act: "If any clause, sentence, paragraph, or part of this act shall, for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its opera-

tion to the clause, sentence, paragraph, or part thereof directly involved in the controversy in which such judgment shall have been rendered. No caption of any section or set of sections shall in any way affect the interpretation of this act or any part thereof." Public Laws 1921, ch. 34, sec. 900. This act was ratified 8 March, 1921; the *Bethlehem Motors case, supra,* was decided 1 June, 1921; during the fiscal year 1921-22 Waynick abandoned his business and left the State, and the plaintiff then took possession of the cars and the truck. Under these circumstances we cannot approve the suggestion that the entire statute is void. *Field v. Clark,* 143 U. S., 649; 36 Law Ed., 294; *Presser v. Illinois,* 116 U. S., 252; 29 Law Ed., 615; *Packet Co. v. Keobuk,* 95 U. S., 80; 24 Law Ed., 377; *Trademark Cases,* 100 U. S., 82; 25 Law Ed., 550; *Bial v. Penniman,* 103 U. S., 714; 26 Law Ed., 602; *Minton v. Early,* 183 N. C., 199; *Comrs. v. Boring,* 175 N. C., 105; *Keith v. Lockhart,* 171 N. C., 451; *Gamble v. McCrady,* 75 N. C., 509. In addition, if the entire statute is not void and the objectionable section discriminates against nonresidents we do not perceive how the plaintiff, a resident corporation, can avail itself of the wrongful discrimination.

2. The plaintiff contests its liability for the tax upon the further ground that it is engaged in the business of banking and is neither a manufacturer of automobiles nor a firm or corporation engaged in selling automobiles or automobile trucks. It may be granted that the primary object of the Legislature was the imposition upon manufacturers and sellers of a license tax for the privilege of carrying on the business or doing the act named in the statute. The tax may be collected from any manufacturer engaged in the business of selling automobiles in the State *or* from any person or corporation selling cars or trucks in the State. Public Laws 1917, 1919, 1921, cited above. Apart from the invalidity of the section which antagonizes certain provisions of the Federal Constitution, the plaintiff, as we understand, does not contend that Waynick did not become liable for the tax and remain so up to the time he abandoned his business and departed from the State. That he will never pay the tax may be assumed. The question is whether the plaintiff shall pay it or whether the State shall suffer the entire loss.

We deem it unnecessary to discuss the distinction between "selling" and "the business of selling" automobiles. That the Legislature intended such distinction may probably be inferred from the wording of the statute. Public Laws 1921, ch. 34, sec. 72. The business of selling seems to be confined to the manufacture, but "selling" applies to every person or corporation. With reference to class, the determinative words are "manufacturer," "person or persons or corporation," and "applicant." The word "dealer" is descriptive of second-hand dealers engaged in the business. As indicated above, the tax is paid for the privilege of

carrying on the business or doing the act named. Public Laws 1921, ch. 34, sec. 26. We do not think the question before us is similar to that in *S. v. Chadbourn,* 80 N. C., 479, or in *S. v. Barnes,* 126 N. C., 1063, cited in the plaintiff's brief. The written instrument executed by Waynick to the plaintiff on 31 December, 1920, is upon its face a bill of sale; it is so denominated in the complaint and in the judgment, although it was given as collateral security for a debt. It was signed by Waynick and contains this agreement: "I agree to sell and collect for the said cars above described, in trust for the said bank, and to account to the bank, and settle in full for each car immediately upon sale."

By the terms of this agreement Waynick became the plaintiff's agent to sell the automobiles and the truck and to hold the proceeds in trust for the plaintiff. Waynick "sold and assigned" to the plaintiff the automobiles and the truck, and it is evident that the sales were to be made for the plaintiff's benefit, at least until the amount secured was fully paid; and if by an arrangement of this kind the tax can be collected, neither from Waynick nor from the plaintiff, payment may finally be evaded and the practical efficacy of the statute reduced to a nullity.

Reversed.