107 F.3d 866
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
K HOPE, INCORPORATED, Plaintiff-Appellant,
v.
ONSLOW COUNTY, Defendant-Appellee.
TREANTS ENTERPRISES, Plaintiff-Appellant,
v.
ONSLOW COUNTY, Defendant-Appellee.
Donald E. MERCER, Sr., d/b/a Pleasure Palace, Plaintiff-Appellant,
v.
ONSLOW COUNTY, Defendant-Appellee.
K HOPE, INCORPORATED, Plaintiff-Appellee,
v.
ONSLOW COUNTY, Defendant-Appellant.
TREANTS ENTERPRISES, Plaintiff-Appellee,
v.
ONSLOW COUNTY, Defendant-Appellant.
Donald E. MERCER, Sr., d/b/a Pleasure Palace, Plaintiff-Appellee,
v.
ONSLOW COUNTY, Defendant-Appellant.
 Nos. 95-3126, 95-3195, 95-3127, 95-3196, 95-3153, 95-3197.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 28, 1997.
Decided Feb. 25, 1997.
 
 ARGUED: Jeffrey Stephen Miller, Jacksonville, NC, for Appellants. Gary Keith Shipman, SHIPMAN & UMBAUGH, L.L.P., Wilmington, NC, for Appellee. ON BRIEF: Keith Elton Fountain, LANIER & FOUNTAIN, Jacksonville, NC, for Appellants. Carl W. Thurman, III, C. Wes Hodges, II, SHIPMAN & UMBAUGH, L.L.P., Wilmington, NC, for Appellee.
 Before RUSSELL and WILKINS, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 K. Hope, Incorporated, Donald E. Mercer, Sr., d/b/a Pleasure Palace, and Treants Enterprises (collectively, "Plaintiffs") brought these actions[1] against Onslow County, North Carolina, challenging an Onslow County ordinance that regulates the location of adult businesses. Plaintiffs sought a declaration that the ordinance is violative of the United States Constitution and North Carolina law and an injunction against its enforcement. Ruling on cross-motions for summary judgment, the district court concluded that: (1) the ordinance was partially preempted by North Carolina law; (2) although the County was not authorized to adopt the ordinance pursuant to its general police power, see N.C. Gen.Stat. § 153A-121 (1991), the County properly enacted the ordinance pursuant to a comprehensive plan as an exercise of its zoning power, see N.C. Gen.Stat. § 153A-340 (1991); (3) the ordinance does not violate the North Carolina Constitution; and (4) the ordinance is not an unconstitutional restraint on freedom of expression violative of the First Amendment or facially overbroad in violation of the First or Fourteenth Amendments. Both parties appeal from this ruling.
 
 
 2
 The principal issue presented to us is a difficult and unsettled question of state law: Whether the County's enactment of the ordinance constituted a valid exercise of the power granted to counties by the North Carolina legislature. If the County's enactment of the ordinance was violative of North Carolina law, the ordinance is a nullity. See Jackson v. Guilford County Bd. of Adjustment, 166 S.E.2d 78, 83 (N.C.1969). Thus, resolution of this perplexing state issue in favor of Plaintiffs would avoid any need to address the constitutional questions presented. Under such circumstances, though jurisdiction is present, abstention pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 501 (1941), is appropriate to permit the state courts to decide the questions of state law. See, e.g., Meredith v. Talbot County, Md., 828 F.2d 228, 231 (4th Cir.1987) ("Pullman abstention ... is appropriate where there are unsettled questions of state law that may dispose of the case and avoid the need for deciding the constitutional question.").[2]
 
 
 3
 Consequently, we vacate the judgment entered below and remand with instructions that the district court abstain from deciding the questions of state law presented. But, the district court should retain jurisdiction over the federal claim until such time as the parties may properly return to federal court. See Harrison v. NAACP, 360 U.S. 167, 177-79 (1959).
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 Plaintiffs brought separate actions that were consolidated before the district court
 
 
 [2]
 The fact that the parties did not raise Pullman abstention below does not foreclose our consideration of it. See Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976) (explaining that failure of the parties to raise Pullman abstention before a district court does not bar sua sponte appellate consideration)