**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

K. HOPE, INCORPORATED,
Plaintiff-Appellant,

v.                                                              No. 95-3126

ONSLOW COUNTY,
Defendant-Appellee.

TREANTS ENTERPRISES,
Plaintiff-Appellant,

v.                                                              No. 95-3127

ONSLOW COUNTY,
Defendant-Appellee.

DONALD E. MERCER, SR., d/b/a
Pleasure Palace,
Plaintiff-Appellant,
                                                               No. 95-3153
v.

ONSLOW COUNTY,
Defendant-Appellee.

K. HOPE, INCORPORATED,
Plaintiff-Appellee,

v.                                                              No. 95-3195

ONSLOW COUNTY,
Defendant-Appellant.

TREANTS ENTERPRISES,
Plaintiff-Appellee,

v.                                                                          No. 95-3196

ONSLOW COUNTY,
Defendant-Appellant.

DONALD E. MERCER, SR., d/b/a
Pleasure Palace,
Plaintiff-Appellee,

                                                                            No. 95-3197

v.

ONSLOW COUNTY,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CA-94-130-4-BO, CA-94-133-4-BO, CA-94-132-4-BO)

Argued: January 28, 1997

Decided: February 25, 1997

Before RUSSELL and WILKINS, Circuit Judges, and
OSTEEN, United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Vacated and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Stephen Miller, Jacksonville, North Carolina, for Appellants. Gary Keith Shipman, SHIPMAN & UMBAUGH, L.L.P., Wilmington, North Carolina, for Appellee. **ON BRIEF:** Keith Elton Fountain, LANIER & FOUNTAIN, Jacksonville, North Carolina, for Appellants. Carl W. Thurman, III, C. Wes Hodges, II, SHIPMAN & UMBAUGH, L.L.P., Wilmington, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

K. Hope, Incorporated, Donald E. Mercer, Sr., d/b/a Pleasure Palace, and Treants Enterprises (collectively, "Plaintiffs") brought these actions[1] against Onslow County, North Carolina, challenging an Onslow County ordinance that regulates the location of adult businesses. Plaintiffs sought a declaration that the ordinance is violative of the United States Constitution and North Carolina law and an injunction against its enforcement. Ruling on cross-motions for summary judgment, the district court concluded that: (1) the ordinance was partially preempted by North Carolina law; (2) although the County was not authorized to adopt the ordinance pursuant to its general police power, see N.C. Gen. Stat. § 153A-121 (1991), the County properly enacted the ordinance pursuant to a comprehensive plan as an exercise of its zoning power, see N.C. Gen. Stat. § 153A-340 (1991); (3) the ordinance does not violate the North Carolina Constitution; and (4) the ordinance is not an unconstitutional restraint on freedom of expression violative of the First Amendment or facially overbroad in violation of the First or Fourteenth Amendments. Both parties appeal from this ruling.

_____

[1] Plaintiffs brought separate actions that were consolidated before the district court.

3

The principal issue presented to us is a difficult and unsettled question of state law: Whether the County's enactment of the ordinance constituted a valid exercise of the power granted to counties by the North Carolina legislature. If the County's enactment of the ordinance was violative of North Carolina law, the ordinance is a nullity. See Jackson v. Guilford County Bd. of Adjustment, 166 S.E.2d 78, 83 (N.C. 1969). Thus, resolution of this perplexing state issue in favor of Plaintiffs would avoid any need to address the constitutional questions presented. Under such circumstances, though jurisdiction is present, abstention pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 501 (1941), is appropriate to permit the state courts to decide the questions of state law. See, e.g., Meredith v. Talbot County, Md., 828 F.2d 228, 231 (4th Cir. 1987) ("Pullman abstention . . . is appropriate where there are unsettled questions of state law that may dispose of the case and avoid the need for deciding the constitutional question.").[2]

Consequently, we vacate the judgment entered below and remand with instructions that the district court abstain from deciding the questions of state law presented. But, the district court should retain jurisdiction over the federal claim until such time as the parties may properly return to federal court. See Harrison v. NAACP, 360 U.S. 167, 177-79 (1959).

VACATED AND REMANDED WITH INSTRUCTIONS

_____

[2] The fact that the parties did not raise Pullman abstention below does not foreclose our consideration of it. See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) (explaining that failure of the parties to raise Pullman abstention before a district court does not bar sua sponte appellate consideration).

4